48 P.3d 634

WESTERN COMMUNITY INSURANCE
COMPANY, Plaintiff–Respondent,

v.

KICKERS, INC. and Shane Anderson,
Defendants–Appellants,

and

US Bank fbo Fawson Trust,
Intervenor–Appellant.

No. 27353.

Supreme Court of Idaho,
Boise, May 2002 Term.

May 31, 2002.

Service Gasser & Kerl, Pocatello, for appellants Kickers, Inc., and Shane Anderson. Kickers, Inc., and Shane Anderson did not participate in the appeal.

Johnson Olson, Chartered, Pocatello, for appellant Fawson Trust. L. Charles Johnson, III, argued.

Merrill & Merrill, Pocatello, for respondent Western Community Insurance Company. Kent L. Hawkins argued.

EISMANN, Justice.

US Bank, for the benefit of the Lee Fawson Trust, appeals the denial of its motion to intervene in this action. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

US Bank (Bank) administers assets and property for the benefit of the Lee Fawson Trust (Trust). In September 1998, the Trust contracted with Kickers, Inc., (Kickers) to repair and install a hardwood dance floor in a

building owned by the Trust. One week after Kickers finished the installation, serious problems developed in the floor. On January 24, 2000, the Bank, for the benefit of the Trust, filed a lawsuit against Kickers to recover damages. Upon receiving notice of that lawsuit, Kickers made a claim to Western Community Insurance Company (Western), its insurer. Western initially provided Kickers with a defense to the Bank's lawsuit under a reservation of rights.

On May 4, 2000, Western filed a declaratory judgment action against Kickers and Shane Anderson, its owner, seeking a determination that the policy issued by Western did not provide coverage for the type of claims alleged in the Bank's lawsuit against Kickers and that Western had no duty to defend that lawsuit. Both sides moved for summary judgment, and on November 30, 2000, the district court issued a memorandum decision and order granting Western's motion for summary judgment. On February 12, 2001, the district court issued a judgment in favor of Western. On March 13, 2001, Kickers, and the Trust filed a notice of appeal. Kickers has not filed a brief in connection with this appeal, nor did it appear at oral argument. Likewise, neither the Trust nor the Bank sought to be substituted for Kickers as a party on this appeal.

## II. ANALYSIS

The Trust argues that the district court abused its discretion in denying the Trust's motion to intervene in this action and in denying the Trust's motion for reconsideration. It also argues that the insurance policy issued by Western to Kickers provides coverage for the claims made against Kickers based upon the installation of the flooring. The record on appeal does not include any motion to intervene or for reconsideration, nor does it include any decision or order issued by the district court denying any such motions.

■■■ A trial court's decision to grant or deny a motion to intervene is a matter of discretion. *Rodriguez v. Oakley Valley Stone, Inc.,* 120 Idaho 370, 816 P.2d 326 (1991). On appeal the appellant carries the burden of showing that the district court committed error. *Durrant v. Christensen,* 120 Idaho 886, 821 P.2d 319 (1991). Error will not be presumed but must be affirmatively shown on the record by appellant. *Id.* Assuming that the motions to intervene and for reconsideration were made to the district court, the record does not show the information presented to the district court in support of those motions, the arguments made, or the district court's reasons for denying the motions. The appellant has the obligation to provide a sufficient record to substantiate his or her claims on appeal. *Belk v. Martin,* 136 Idaho 652, 39 P.3d 592 (2001). In the absence of a record that is adequate to review the appellant's claims, we will not presume error below. *Id.*

■■■ The Bank sought to remedy the deficient record by attaching copies of various documents to its appellate brief. Attaching documents to a brief is not a substitute for a motion under Idaho Appellate Rule 30 to augment the record on appeal. Because the documents attached to the Bank's brief are not a part of the record, we cannot consider them.[1] *State ex rel. Ohman v. Ivan H. Talbot Family Trust,* 120 Idaho 825, 820 P.2d 695 (1991). During oral argument, counsel for the Bank also offered to file a motion to augment the record with the missing documents. A motion to augment made during or after oral argument is too late.

We presume that any denial by the district court of the Trust's motions to intervene and for reconsideration was not an abuse of discretion. Because the Trust was not a party to the proceedings below and there is nothing in the record showing it has standing to challenge the district court's order granting summary judgment, we need not address the merits of that order, although we note that the record is not sufficient to review that issue either.

---

1. The attachments to the Bank's brief even included documents that were not created until after it filed this appeal. Obviously, those documents could not have been presented to the district court and could not have been included in the record had the Bank made a timely motion to augment the record.

██ Western seeks attorney fees on appeal pursuant to Idaho Code § 12–121. Although it listed its request for attorney fees as an additional issue on appeal in its brief, Western did not address that issue in its brief or present any argument regarding it. Because that issue was not addressed in the argument portion of Western's brief, we will not consider this request. *Ramerth v. Hart,* 133 Idaho 194, 983 P.2d 848 (1999).

## III. CONCLUSION

Because no error has been shown, we affirm the judgment of the district court. Costs are awarded on appeal to Western Community Insurance Company.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS and KIDWELL concur.