174 P.3d 868

**In the Matter of Charles Albert Pinkham, Deceased.**

**Catherine R. GARCIA, Plaintiff–Respondent,**

v.

**Albert Leroy PINKHAM a/k/a Llewellyn A. Pingree, Defendant–Appellant.**

No. 33330.

Supreme Court of Idaho, Coeur d'Alene, September 2007.

Nov. 14, 2007.

Mabbutt & Mumford, Moscow, for appellant. Mark Mumford argued.

Whitney & Whitney, LLP, Moscow, for respondent. Thomas W. Whitney argued.

BURDICK, Justice.

This case involves the granting of a petition for reinterment. We are asked to consider whether a motion to dismiss based on laches was erroneously denied. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Leroy Albert Pinkham, aka Llewellyn Albert Pingree, (Pinkham) and Respondent Catherine Garcia separated in 1972. Garcia was granted custody of the couple's son, Charles Albert Pinkham, and Pinkham was granted visitation rights. During a scheduled visitation, without Garcia's knowledge or consent and in violation of the custody order, Pinkham relocated with Charles from Nevada to Idaho and changed their names. Charles died in a car accident in 1981; Garcia was unable to locate her son before his death. In 1981, Pinkham called Garcia's mother and told her that Charles had drowned and "that's all [she] needs to know," then hung up the phone. Garcia contacted every state to try and find out more information about her son's death and in 1982, through her efforts, learned Charles died in a car accident and that he was buried in Moscow, Idaho. Both the death certificate and headstone contained incorrect information; they listed Charles's last name as Pingree instead of Pinkham, and listed Elizabeth Bixby (the decedent's paternal great-grandmother) as his mother. In 1984, Garcia successfully corrected the death certificate.

In 2005, twenty-three years after learning where her son was buried, Garcia filed a petition for reinterment requesting that Charles's body be exhumed and reinterred in New Mexico, where Garcia resides. Pinkham answered and then subsequently filed a Motion to Dismiss based on laches. The district court held a hearing on the motion to dismiss and denied the motion holding that because Pinkham came into court with "unclean hands" he could not assert the equitable defense of laches. After trial, the district court made a final decision in the case and held Garcia had shown reasonable cause for disinterment. Pinkham now appeals to this Court.

## II. STANDARD OF REVIEW

■ When the Court reviews a denial of a motion to dismiss, we apply the same standard of review we apply to summary judgment. *Rohr v. Rohr*, 128 Idaho 137, 141, 911 P.2d 133, 137 (1996). "After viewing all facts and inferences from the record in favor of the non-moving party, we will ask whether a claim for relief has been stated." *Id.* (citation omitted).

## III. ANALYSIS

### A. Motion to Dismiss

■ The only issue raised by Pinkham on appeal is the district court's denial of his motion to dismiss. Pinkham asserts the district court erroneously applied the doctrine of unclean hands when it denied the motion. Garcia argues the court correctly applied the doctrine of unclean hands and that in the alternative, Pinkham did not sufficiently prove laches in this case.

■ We review a trial court's decision on laches and unclean hands for an abuse of discretion. *Sword v. Sweet*, 140 Idaho 242, 249, 92 P.3d 492, 499 (2004). Abuse of discretion is determined by a three part test which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004) (citations omitted). However, the appellant has the burden of showing that the district court committed error. *W. Cmty. Ins. Co. v. Kickers, Inc.*, 137 Idaho 305, 306, 48 P.3d 634, 635 (2002). Error must be affirmatively shown on the record. *Id.* If the record is inadequate to review the appellant's claims, the Court will not presume error below. *Id.*

At oral argument Pinkham argued he was precluded from bringing any additional evidence forward because the interlocutory finding of unclean hands acted as an order "in limine" to preclude production of any further evidence concerning his equitable defense of

laches. Yet, the record provided to this Court does not show any order, motion, or comment supporting the argument that the district court actually precluded Pinkham from producing further evidence on laches nor does it indicate Pinkham actually tried to produce any further evidence. Pinkham also asserts the district court erroneously based its finding of unclean hands on evidence of misconduct prior to Garcia discovering the burial location and not on any misconduct after that time. The district court ruled from the bench; however, the transcript on appeal contains few statements made by the judge and sparse testimony from Pinkham and Garcia. We were not provided with the full transcript from the dismissal hearing so we can not examine the evidence presented or all the reasons for the trial court's finding of unclean hands.

The appellant has the burden of proving error, and we will not presume error. *W. Cmty. Ins. Co.*, 137 Idaho at 306, 48 P.3d at 635. Pinkham originally asked for a complete record and transcript; however, he then amended his original request and ordered only a severely limited portion of the hearing transcript. We conclude the transcript provided by Pinkham is insufficient to allow us to review the district court's decision. As Pinkham has provided us with an inadequate record and we will not presume error below, we affirm the district court's denial of the motion to dismiss.

**B. Attorney Fees**

■ Garcia requests an award of attorney fees; however, Garcia fails to accompany her request for attorney fees with a reference to any statutory provision authorizing the award. Though we would have awarded Garcia attorney fees, we require that a party point to a statute or contractual provision authorizing an award of attorney fees on appeal and she failed to meet this requirement. *See State v. Daicel Chem. Indus., Ltd.*, 141 Idaho 102, 109, 106 P.3d 428, 435 (2005).

■ Nonetheless, on our own motion, we may award attorney fees against an attorney who has violated I.A.R. 11.1. *Sprinkler Irrigation Co., Inc. v. John Deere Ins. Co., Inc.*, 139 Idaho 691, 698, 85 P.3d 667, 674 (2004). That rule states that the signature of an attorney on briefs or other documents submitted to this Court "constitutes a certificate ... that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." I.A.R. 11. Our law is plain that error must be shown on the record and that the appellant has the burden of providing a sufficient record on appeal. *W. Cmty. Ins. Co.*, 137 Idaho at 306, 48 P.3d at 635. However, in this case, the record provided is inexcusably scant and clearly insufficient to conduct a review of the issues asserted on appeal. Thus, we are led to conclude that the appeal was brought for an improper purpose or unreasonably, and accordingly, we sanction attorney Mumford and require him to pay attorney fees to Garcia.

## IV. CONCLUSION

We affirm the district court's decision. Costs to Respondent.

Chief Justice EISMANN and Justices J. JONES, W. JONES and TROUT, Senior Judge Pro Tem, concur.