205 P.3d 1192

**GOODMAN OIL COMPANY, Petitioner–Appellant,**

v.

**SCOTTY'S DURO–BILT GENERATOR, INC., an Idaho corporation, Respondent–Respondent,**

and

**City of Nampa, a corporate body politic; The City Counsel of the City of Nampa; Mayor Tom Dale, in his capacity as Mayor of the City of Nampa; Diana Lambing in her capacity as City Clerk, Respondents.**

**No. 34284.**

Supreme Court of Idaho, Boise, December 2008 Term.

Feb. 3, 2009.

---

Runft & Steele Law Offices, PLLC, Boise, for appellant. Jon Steele argued.

Moore Smith Buxton & Turcke, Chtd., Boise, for respondent. Carl Withroe argued.

W. JONES, Justice.

This case stems from a dispute in conjunction with the vacation of First Avenue South in Nampa, Idaho. The present action originated from a petition for writ of mandate and petition for judicial review filed by Goodman Oil Company (Goodman Oil) against the City of Nampa (the City) and Scotty's Duro–Bilt Generator, Inc. (Duro–Bilt). Goodman Oil appeals to this Court.

## 58

### FACTUAL AND PROCEDURAL BACKGROUND

Goodman Oil filed a petition for writ of mandate and petition for judicial review against the City of Nampa and Duro–Bilt seeking vacation of First Avenue South in Nampa. Duro–Bilt filed a motion to dismiss pursuant to I.R.C.P. 12(b)(6). Subsequent to Duro–Bilt's motion, Goodman Oil filed a motion to amend the complaint seeking to add additional parties and claims. The motion sought to add a claim for tortious interference with a contract against Bart and Alane McKnight (the McKnights) and Bradley and Tamera Blamires (the Blamires) and to add a claim against Duro–Bilt for breach of contract. The district court denied the motion to amend and dismissed Duro–Bilt as a party. The dispute between Goodman Oil and the City continued, resulting in the district court issuing a writ of mandate for the vacation of First Avenue South. Goodman Oil then appealed the district court's denial of the motion to amend and the dismissal of Duro–Bilt as a party. Duro–Bilt moved for dismissal of the appeal as untimely, and this Court dismissed the appeal. Goodman Oil filed a motion for reconsideration which this Court granted.

The record contains the following relevant documents pertaining to the case between Goodman Oil and the City of Nampa. The district court issued the memorandum decision on judicial review and order on November 7, 2006 which stated:

> IT IS HEREBY ORDERED, and this does ORDER, that the reservation of a 50 food [sic] ingress/egress and utility easement in Ordinance No. 3374 be, and is hereby, SET ASIDE.
> IT IS FURTHER ORDERED, and this does ORDER, that Ordinance No. 3374 be, and is hereby, REMANDED to the City of Nampa for its determination as to whether other factors existed or regarding the public good requirements of I.C. § 50–311.

The district court issued a judgment for costs and attorneys fees on April 27, 2007. Goodman Oil filed its notice of appeal on June 6, 2007. Goodman Oil references a motion for reconsideration and clarification which resulted in an order issued by the district court on April 26, 2007, but the motion and order do not appear in the record.

### ISSUES ON APPEAL

1. Whether Goodman Oil's notice of appeal was timely filed.
2. Whether Goodman Oil's appeal is moot.
3. Whether the district court erred in failing to grant Goodman Oil's motion to amend the complaint pursuant to I.R.C.P. 15(a).
4. Whether the district court erred by granting Duro–Bilt's motion to dismiss pursuant to I.R.C.P. 12(b)(6).
5. Whether the district court erred in awarding attorney fees to Duro–Bilt.
6. Whether Goodman Oil is entitled to attorney's fees on appeal.
7. Whether Duro–Bilt is entitled to attorney's fees on appeal.

### STANDARD OF REVIEW

■ This Court freely reviews questions of law. *Estate of Becker v. Callahan,* 140 Idaho 522, 525, 96 P.3d 623, 626 (2004). Whether this appeal was timely filed is a question of law.

**Goodman Oil's notice of appeal is untimely filed.**

■ Any appeal as a matter of right from the district court must be filed within forty-two days of the judgment. I.A.R. 14(a). "The time for an appeal . . . is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action" excluding any motions, filings or objections to costs or attorneys fees. I.A.R. 14(a). A party may appeal a final judgment to this Court. I.A.R. 11. "The general rule is that if an order or judgment ends the suit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties, the instrument constitutes a final judgment." *Davis v. Peacock,* 133 Idaho 637, 641, 991 P.2d 362, 366 (1999). Failure to comply with time restrictions is jurisdictional "and shall cause automatic dis-

missal of such appeal." I.A.R. 21. This Court is unable to review an appeal that is untimely. *Baker v. State*, 142 Idaho 411, 418, 128 P.3d 948, 955 (Ct.App.2005). "Whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title." *Camp v. East Fork Ditch Co., Ltd.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002).

■ Respondent contends that Appellant's notice of appeal is untimely because the final appealable order was filed by the district court on November 7, 2006 and Goodman Oil did not file a notice of appeal until June 6, 2007, well after the expiration of the forty-two days subscribed by I.A.R. 14(a). Appellant contends that because the November 7 order remanded the matter for further consideration by the City that the order was not a "final order" as contemplated by I.A.R. 14(a) and I.A.R. 11(a). However, I.A.R. 11(a)(2) specifically states that an appeal may be taken from "[d]ecisions by the district court ... remanding an appeal." I.A.R. 11(a)(2). "[A]n order of a district court upon appeal, remanding the matter to the magistrate division, is appealable to the Supreme Court as a matter of right, by rule." *Duff v. Bonner Building Supply, Inc.*, 103 Idaho 432, 434, 649 P.2d 391, 393 (Ct.App.1982) (citing I.A.R. 11(a)). Therefore, the November 7, 2006 order was a final appealable order.

■ Appellant further contends that if the November 7, 2006 order was a final judgment, the motion for reconsideration and clarification that was allegedly denied on April 26, 2007 tolled the time for filing an appeal. The motion for reconsideration and the subsequent April 26, 2007 order are not part of the record on appeal and are only found as an appendix to Appellant's brief. Therefore, this Court cannot consider those documents as part of the record on appeal and holds that the appeal was not timely filed. The record does not reflect any document which would toll the time for filing an appeal; therefore, the time for filing this appeal began to run with the November 7, 2006 order and the forty-two days were long expired when the notice of appeal was filed on June 6, 2007. This appeal is dismissed as

untimely. This Court is without jurisdiction to reach the merits of Goodman Oil's other claims. See I.A.R. 21.

**Duro–Bilt is entitled to attorney fees on appeal.**

■ Duro–Bilt seeks attorney fees pursuant to I.C. § 12–121. I.C. § 12–121 allows for the award of attorney fees "[i]n any civil action[.]" Goodman Oil initiated these proceedings by filing a petition for judicial review in the district court. Attorney fees are not available pursuant to I.C. § 12–121 on a petition for judicial review because the action is not commenced with the filing of a complaint. *See Knight v. Dep't of Ins.*, 119 Idaho 591, 593, 808 P.2d 1336, 1338 (Ct.App.1991).

■ This Court may award attorney fees on its own motion against an attorney who violates I.A.R. 11.1. *Garcia v. Pinkham*, 144 Idaho 898, 900, 174 P.3d 868, 870 (2007). "The signature of an attorney ... constitutes a certificate ... that to the best of the signer's knowledge, information, and belief after reasonable inquiry [the appeal] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal or existing law." I.A.R. 11.1. "Our law is plain that error must be shown on the record and that the appellant has the burden of providing a sufficient record on appeal." *Garcia*, 144 Idaho at 900, 174 P.3d at 870.

On motion for reconsideration, after initially dismissing this appeal as untimely, this Court reversed its decision but ordered that "the first issue to be addressed by the parties [on appeal] is whether the notice of appeal was timely filed." Appellant did not address the issue of timeliness until the reply brief and failed to provide this Court with a full record on appeal to evaluate the issues. This appeal was untimely filed and filed without a complete record to support appellant's contentions. This appeal was not well grounded in fact or warranted by existing law; it merely asks this Court to by-pass well-established rules of civil and appellate procedure. Therefore, we award attorney fees to Duro–Bilt pursuant to I.A.R. 11.1 against Jon M. Steel and Karl J. Runft.

## CONCLUSION

For the foregoing reasons this Court dismisses Goodman Oil's appeal as untimely. Attorney's fees and costs to Respondent.

Justices BURDICK, HORTON and Justices Pro Tem KIDWELL and TROUT CONCUR.