# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44927

MEDICAL RECOVERY SERVICES, LLC, )
an Idaho limited liability company, )
)  **Boise, April 2018 Term**
    Plaintiff-Appellant, )
)  **2018 Opinion No. 47**
v. )
)  **Filed: May 2, 2018**
YVONNE UGAKI-HICKS, )
)  **Karel A. Lehrman, Clerk**
    Defendant-Respondent. )
_____ )

Appeal from the District Court of the Sixth Judicial District of the
State of Idaho, Bannock County. Hon. Mitchell W. Brown, District
Judge.

The decision of the district court is <u>affirmed</u>. No costs or attorney
fees are awarded.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellant.
Brian Zollinger argued.

_____

SCHROEDER, Justice *pro tem*

## I. NATURE OF THE CASE

Medical Recovery Services, LLC ("MRS"), appeals a district court decision that affirmed a magistrate court's dismissal of an MRS complaint. MRS alleged a right to collect on a debt from Yvonne Ugaki-Hicks, who did not respond to the complaint. MRS filed an application for entry of default and default judgment. The magistrate court denied the request. MRS appealed to the district court which determined default should have been entered but affirmed the magistrate court's denial of entry of default judgment. MRS appealed to this Court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

MRS filed a complaint against Ugaki-Hicks to recover $1,416.63 alleged to be due for medical services provided by SEI Anesthesia. MRS alleged that it was the assignee of the bill. Ugaki-Hicks did not respond. MRS filed an application for entry of default and for entry of

default judgment. In support of its application for default judgment, MRS filed the affidavit of counsel which stated that an original instrument evidencing MRS's claim was attached as Exhibit A. However, Exhibit A was not included in the record filed with the district court and is not present in the record before this Court.

The magistrate court denied MRS's request for entry of default because MRS failed to provide sufficient proof of assignment of the debt as required by Idaho Rule of Civil Procedure 55(b)(2). MRS filed a motion for reconsideration, asserting that Idaho Rule of Civil Procedure 55(b)(1) applied, not Rule 55(b)(2). Subsequently, MRS filed a second affidavit of counsel in support of the application which provided in pertinent part:

> 6. Pursuant to I.R.C.P. 55(b)(1) exhibit "A" is a true and correct copy of an "original instrument" evidencing Plaintiff's claim sent with Reconsideration on December 12 [sic], 2015.
>
> 7. As the attorney for MRS I have personal knowledge of the contract(s) between the providers and MRS assigning the accounts in this case to MRS for collection. The applicable contract(s) designate the original service provider as "Assignor" and MRS as "Assignee." The applicable contract(s) state, in relevant part: "Assignor desires, from time to time during the term of this agreement, to submit to Assignee for collection certain claims, accounts or other evidences of indebtedness." Accordingly, the account(s) at issue in this case were assigned at the moment MRS received account information in this case from the provider for collection.
>
> 8. Each of the accounts identified in Exhibit "A" have been assigned to MRS because MRS has received the account information from the provider attached to this Affidavit.

Though referenced in the affidavit, Exhibit A does not appear as an attachment.

The magistrate court denied MRS's motion to reconsider. Thereafter, MRS filed a second motion for reconsideration, arguing the new theory that because Ugaki-Hicks failed to respond, MRS's allegation in paragraph three of the complaint, i.e., that MRS had received assignment of the claim, should be deemed admitted. The magistrate court entered a minute entry and order denying MRS's second motion for reconsideration and a judgment dismissing MRS's complaint without prejudice.

 MRS appealed to the district court, arguing that the magistrate court erred when it failed to enter a default judgment under Idaho Rule of Civil Procedure 55(b)(1), because the case involved a "sum certain" evidenced by Exhibit A attached to each affidavit of counsel. Further,

MRS asserted that the complaint provided a well-pled factual allegation that an assignment had occurred which should be deemed admitted based on Ugaki-Hicks' failure to answer.

The district court entered its memorandum decision and order on appeal, taking issue with MRS's failure to include Exhibit A with the record. In a footnote the district court held that "regardless of this [c]ourt's decision regarding the merits of the issues raised on this appeal, it appears that the court must AFFIRM the trial court's refusal to enter default judgment on alternative grounds, M.R.S.'s failure to provide the 'original instrument evidencing the claim' as required by I.R.C.P. 55(b)(1)." Reaching the issues raised on appeal, the district court determined that the magistrate court erred when it applied Rule 55(b)(2). The amount claimed was for a certain amount; thus, Rule 55(b)(1) was the applicable provision. However, the district court determined that the phrase "original instrument evidencing the claim" was dispositive of the issue on appeal, noting that Rule 55(b)(1) was drafted to require the instrument evidencing the claim not just the instrument evidencing the underlying debt. The district court determined that default should have been entered in favor of MRS but affirmed the magistrate court's refusal to enter default judgment pursuant to Rule 55(b)(1), because MRS failed to provide evidence of the underlying debt and failed to provide evidence of the assignment of the claim. MRS appealed to this Court.

### III. ISSUES ON APPEAL

1. Whether the district court erred when it affirmed the magistrate court's decision to deny entry of default judgment against Ugaki-Hicks.

2. Whether MRS is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its capacity as an appellate court

> [t]he Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). "Thus, this Court does not review the decision of the magistrate court." *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013). "Rather, we are 'procedurally bound to

3

affirm or reverse the decisions of the district court.'" *Id.* (quoting *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009)).

*Portfolio Recovery Assocs., LLC. v. MacDonald*, 162 Idaho 228, ___, 395 P.3d 1261, 1264 (2017).

## V. ANALYSIS

It appears that the magistrate court treated MRS's request for default and the request for default judgment interchangeably, i.e., the form used by the magistrate court to deny MRS's request for entry of default utilized language pertaining to default judgments. Entry of default and entry of default judgment are separate steps. In view of the district court's determination that the default should have been entered, the issue on appeal is solely whether the district court erred when it affirmed the magistrate court's denial of default judgment.

### A.     The nature of this Court's review.

Ugaki-Hicks has never participated in this case. As a result, the arguments of MRS are not tested by responses from opposing counsel or debate in a rules committee meeting with different perspectives. This places some restraints on the Court's willingness to speak broadly. A contested case, e.g. a motion to set aside a default judgement, or a rules committee debate would provide better venues to refine debatable rules governing default judgments.

MRS makes multiple arguments on appeal. First, it argues that all well-pled allegations in the complaint are deemed admitted on default and that the complaint contained a well-pled factual allegation of an assignment to which Ugaki-Hicks admitted by failing to file an answer. Second, MRS claims that the affidavit of counsel provided uncontradicted testimony that the debt was assigned to MRS. Third, MRS argues that there is no requirement to provide evidence of a written assignment. Fourth, MRS relies on the language of Rule 55(b)(1) to argue that the rule does not require a plaintiff to attach an original instrument evidencing the claim; rather, the plaintiff must provide "any" original instrument evidencing the claim "to the extent an original instrument evidencing the claim exists." Finally, MRS claims that the district court erred when it held in a footnote that it was bound to affirm the magistrate court's decision after it was unable to locate the attachment in the record that purportedly provided an original instrument evidencing the debt. MRS states that it does not know why Exhibit A was not included in the record, but that it does not matter because there was no original instrument or written contract

4

between SEI Anesthesia and Ugaki-Hicks. Therefore, the district court could not require MRS produce it.

**B.    The standard of review.**

"The interpretation of the Idaho Rules of Civil Procedure is a matter of law over which this Court has free review." *Dawson v. Cheyovich Family Tr.*, 149 Idaho 375, 380, 234 P.3d 699, 704 (2010) (citing *Canyon Cnty. Bd. of Equalization v. Amalgamated Sugar Co.*, 143 Idaho 58, 60, 137 P.3d 445, 447 (2006)).

Idaho Rule of Civil Procedure 55(b) pertains to the entry of a default judgment and provides in pertinent part:

> (1) *For Sum Certain*. If a claim is for a sum certain or a sum that can be made certain by computation, the court, on the claimant's request, with an affidavit showing the amount due, must order judgment for that amount and costs against the party who has been defaulted for not appearing . . . . The affidavit must show the method of computation, together with any original instrument evidencing the claim unless otherwise permitted by the court. . . .

I.R.C.P. 55(b)(1) (emphasis added).

"The party appealing a decision of the district court bears the burden of ensuring that this Court is provided a sufficient record for review of the district court's decision." *La Bella Vita, LLC v. Shuler*, 158 Idaho 799, 805, 353 P.3d 420, 426 (2015) (citing *Gibson v. Ada Cnty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003)). "In the absence of a record that is adequate to review the appellant's claims, we will not presume error below." *Western Cmty. Ins. Co. v. Kickers, Inc.*, 137 Idaho 305, 306, 48 P.3d 634, 635 (2002) (citing *Belk v. Martin*, 136 Idaho 652, 39 P.3d 592 (2001)). Accordingly, "[w]hen a record or exhibit is unavailable [as] . . . part of the record [on] appeal, it is incumbent on that party to move the district court, or petition this Court, to order augmentation of the record on appeal with the relevant record(s) or exhibit(s)." *La Bella Vita*, 158 Idaho at 805, 353 P.3d at 426.

**C.    Analysis**

MRS contends that the failure of Ugaki-Hicks to appear and the affidavit of counsel provide an uncontradicted record of the debt assigned to MRS. Nonetheless, MRS's failure to include Exhibit A in the record on appeal defeats its claim. *La Bella Vita*, 158 Idaho at 805, 353 P.3d at 426 ("The party appealing a decision of the district court bears the burden of ensuring that this Court is provided a sufficient record for review of the district court's decision"). One of

the bases for the district court's decision was that it did not have Exhibit A which it was alleged had been submitted to the magistrate court. The same defect follows the case to this Court. The magistrate court apparently did not find Exhibit A adequate to meet the requirement of the rule. Neither the district court nor this Court can reach a different conclusion without the attachment.

The language "*unless otherwise permitted by the court*" of Idaho Rule of Civil Procedure 55(b)(1) grants the court discretion to determine what constitutes an original instrument evidencing the claim and whether it will require such an instrument. When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry is:

> (1) [W]hether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by the exercise of reason.

*Hull v. Giesler*, 163 Idaho 247, ___, 409 P.3d 827, 829–30 (2018).

The district court did not abuse its discretion in requiring MRS to provide evidence of the assignment of claim. Whether Exhibit A would have met the standard could not be determined by either the district court or this Court. This Court is left to presume missing evidence supports the lower courts' findings. *State v. Koch*, 157 Idaho 89, 95, 334 P.3d 280, 286 (2014) ("When the record on appeal does not contain the evidence taken into account by the district court, this Court must necessarily presume that the evidence justifies the decision and that the findings are supported by substantial evidence."). The district court decision is affirmed.

## D.     MRS is not entitled to attorney fees and costs on appeal.

MRS requests attorney fees and costs on appeal under Idaho Appellate Rules 40 and 41, and Idaho Code sections 12-120(1) and (3). MRS is not a prevailing party on appeal and not entitled to costs or attorney fees.

## VI. CONCLUSION

The decision of the district court is affirmed.  No costs or attorney fees are awarded.

Chief Justice BURDICK, Justices HORTON, BRODY and BEVAN, CONCUR.

6