**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47623**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 4, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| AMBER DELLA FITZSIMMONS, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for felony driving under the influence of alcohol, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Amber Della Fitzsimmons appeals from the district court's judgment of conviction for felony driving under the influence of alcohol (DUI), Idaho Code §§ 18-8004, 18-8005(6). Fitzsimmons argues that the State presented insufficient evidence of prior DUIs to support the felony DUI enhancement. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Fitzsimmons was charged with DUI; the DUI charge was enhanced to a felony based on an allegation that Fitzsimmons had pled guilty to two substantially conforming foreign violations within the previous ten years. The district court held a bifurcated trial over two days, holding two separate phases for the DUI and the felony enhancement. Fitzsimmons was found guilty of DUI after the first phase. During the second phase, the jury was presented evidence that Fitsimmons had pled guilty to two misdemeanor violations of California's statute prohibiting driving under the influence of alcohol in 2011 and 2014.

1

This evidence, presented without objection, included two packets of documents certified by the Orange County court relating to two prior DUIs. These packets each included: (1) a complaint; (2) a register of actions/court minutes printout; (3) a misdemeanor plea form; and (4) a sentence recommendation form. The State also elicited testimony from Fitzsimmons that her name is "Amber Della Fitzsimmons," that she was born on December 20, 1978, that her maiden name is "Setzer," and that she moved from Orange County, California, to Idaho several years ago. Based on this evidence, the jury found that Fitzsimmons pled guilty to two violations of a substantially conforming foreign statute within the previous ten years and then found her guilty of the felony DUI enhancement. Fitzsimmons timely appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Fitzsimmons argues that the State did not present sufficient evidence to support the jury's finding that she had previously pled guilty to two DUIs within ten years. Specifically, Fitzsimmons argues that the evidence was insufficient because the State did not present a judgment of conviction, court minutes are inherently incomplete and unreliable, and both the plea and sentence recommendation forms are missing signatures and dates. The State argues that there was more than sufficient evidence to support the jury's finding. We address each of these contentions below.

2

**A.     Judgment of Conviction**

Fitzsimmons argues that the evidence presented to the jury was insufficient because the State did not present a judgment of conviction. Fitzsimmons is correct that no judgment of conviction was submitted to the jury. However, as Fitzsimmons' brief acknowledges, "[I.C. §] 18-8005 does not require a current conviction or judgment; it applies whenever a person 'pled guilty or has been found guilty.'" *State v. Glenn*, 156 Idaho 22, 26, 319 P.3d 1191, 1195 (2014). Thus, the relevant inquiry is whether the State presented sufficient evidence to show that Fitzsimmons pled guilty to two prior DUIs, not whether there was evidence of a conviction or judgment.

Moreover, this argument is entirely irrelevant to whether the evidence actually submitted to the jury was sufficient to support the jury's finding. Fitzsimmons merely points out additional evidence that could have been admitted, rather than addressing the relevant question as to whether the evidence actually submitted to the jury was sufficient to support the felony enhancement. For these reasons, the absence of a judgment does not show a lack of substantial evidence to support the jury's finding.

**B.     Court Minutes**

Fitzsimmons next argues that the court minutes submitted by the State lack reliability because they are not official court records and therefore cannot constitute evidence. Like any form of evidence, court minutes may sometimes be inadequate to support an assertion, whether by being too summary or by referring to events that occurred outside of the proceedings. Fitzsimmons cites to several cases where that was the issue, including *State v. Akin*, 139 Idaho 160, 75 P.3d 214 (Ct. App. 2003) and *Martinez v. State*, 92 Idaho 148, 438 P.2d 893 (1968). However, none of the cases cited by Fitzsimmons support her argument that court minutes are inherently so unreliable that a jury may never rely on them to determine what happened in a prior case.

Unlike the cases cited by Fitzsimmons, this case involves the use of court minutes to show what happened during the relevant proceedings, and the use of specific language or colloquies is not at issue. The State rightly points out multiple cases in which both courts in Idaho and California relied on court minutes to determine what occurred in the relevant proceedings, including *People v. Malabag*, 51 Cal. App. 4th 1419, 1422 (Cal. Ct. App. 1997) and *State v. Kralovec*, 161 Idaho 569, 576, 388 P.3d 583, 590 (2017).

3

More importantly, even if the minutes were unreliable, Fitzsimmons had every opportunity to object to their admission at trial but failed to do so. If the court minutes were inherently unreliable, Fitzsimmons should have objected on the grounds that the State did not lay an adequate foundation. She did not do so, and the court minutes were admitted to the jury as evidence without her objection. Once admitted, the jury was free to consider them. The minutes included multiple references to Fitzsimmons' guilty pleas and, when considered with the additional documents presented by the State, provided substantial evidence on which the jury could rely.

**C.     Plea and Sentence Recommendation Forms**

Fitzsimmons' final argument is that the plea and sentence recommendation forms were incomplete and one-sided because some signatures are missing and there is no indication of who actually filled out the forms. The two plea forms, signed by Fitzsimmons, stated: "I understand that the signing and filing of this form is conclusive evidence that I have pleaded [box labelled 'guilty' checked] to the charges set forth." While there are sections that lack signatures of attorneys or dates, the documents, as a whole or the above-quoted sections alone, certainly support the jury's finding that Fitzsimmons had previously pled guilty to two DUIs. Fitzsimmons' argument on this point asks this Court to reweigh the evidence and find that the lack of signatures gives room for reasonable doubt, despite evidence that clearly supports the jury's finding. However, that is not the function of this Court on review of the sufficiency of evidence. We will not substitute our judgment on the weight of the evidence with the finder of fact. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Moreover, like the court minutes, Fitzsimmons could have objected to foundation and reliability at trial in hopes of excluding the documents but did not do so. Fitzsimmons' argument goes to the weight that she thinks should be given the forms, but the jury was free to consider and weigh any incompleteness or omission of information in the forms. The plea forms provide substantial evidence to support the jury's finding of guilt.

## IV.
## CONCLUSION

The evidence submitted by the State was sufficient to support the jury's finding on the felony DUI enhancement. No additional evidence was required, and none of the submitted evidence was relied on in error. Therefore, we affirm the judgment of the district court.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

4