# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49839

| | |
|---|---|
| JONATHAN HARDY BAIN, | ) |
| | ) Filed: April 25, 2023 |
| Plaintiff-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| HEIDI HOLMAN JACKSON and | ) OPINION AND SHALL NOT |
| KOOTENAI HEALTH, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendants-Respondents. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgment of dismissal with prejudice, <u>affirmed</u>.

Jonathan Hardy Bain, Potlatch, pro se appellant.

Evans, Craven & Lackie, P.S.; Markus W. Louvier, Spokane, Washington, for respondents.

---

LORELLO, Chief Judge

Jonathan Hardy Bain appeals from the judgment dismissing his medical malpractice claims. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2022, Bain filed two pro se complaints alleging that Heidi Holman Jackson, MD, an employee of Kootenai Hospital District (dba Kootenai Health), performed an "intentional, unauthorized, unwanted" hernia surgery causing Bain daily "disabling, life threatening, pain and suffering" and that, during the hernia surgery, Dr. Jackson implanted "unwanted iron foreign object[s] filled with mind altering drugs" into Bain's left arm and ribcage. Bain further alleges that these "drug bombs" simultaneously exploded over a year after

1

implantation, releasing drugs that permanently altered his mind. The district court subsequently granted Dr. Jackson and Kootenai Health's motion for summary judgment on all of Bain's claims, concluding the claims were barred because Bain failed to serve a notice of tort claim on Kootenai Health in accordance with I.C. § 6-906.[1] Bain appeals.

## II.

## ANALYSIS

Bain argues that the district court erred in granting summary judgment because he served a timely notice of tort claim on Kootenai Health and his evidence showing such was improperly excluded without explanation. Doctor Jackson and Kootenai Health respond that the district court properly concluded Bain's medical malpractice claims are time-barred. Because Bain has not supported his arguments with either citations to the record or relevant legal authority, we need not consider them.

Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the

---

[1] Prior to the hearing on Dr. Jackson and Kootenai Health's motion for summary judgment, the district court consolidated the separate cases initiated by Bain's two complaints (CV28-22-0809 and CV28-22-0812) following an earlier motion to dismiss.

nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

A large swath of Bain's opening appellate brief is composed of exhibits purportedly showing he filed a timely notice of tort claim with Kootenai Health, but he does not indicate where these documents are located in the record. Indeed, neither Bain's opening brief nor his reply brief cite to the record at all. Such citations are required to make any argument. I.A.R. 35(a)(6); *Groveland Water & Sewer, Dist. v. City of Blackfoot*, 169 Idaho 936, 941-42, 505 P.3d 722, 727-28 (2022). Instead, Bain cites the various documents attached to his opening brief to support his arguments on appeal. Documents attached to an appellate brief that are not part of the record cannot be considered on appeal. *W. Cmty. Ins. Co. v. Kickers, Inc.*, 137 Idaho 305, 306, 48 P.3d 634, 635 (2002). Nor will this Court search the record for error. *Owen v. Smith*, 168 Idaho 633, 646, 485 P.3d 129, 142 (2021). Accordingly, this Court will not scour the record to determine whether the documents attached to Bain's brief are contained in the record. Because Bain has failed to support his arguments with citations to the record, we need not consider them.

Bain also fails to identify the applicable standard of review on appeal or provide argument attempting to apply it. This is fatal to Bain's challenge to the district court's summary judgment decision. *See State v. Jeske*, 164 Idaho 862, 869-70, 436 P.3d 683, 690-91 (2019). Moreover, Bain additionally fails to cite relevant legal authority in the argument section of his brief to support his arguments that the district court erred.[2] To the contrary, with the exception of a short citation to *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and a passing reference to I.C. § 6-1005 (neither of which are connected with a cogent legal argument that the district court erred), Bain fails to provide a decipherable citation to legal authority at all. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.

---

[2] Outside the argument section of his brief, Bain quotes certain relevant legal authorities (*e.g.*, I.C. § 6-906, which imposes the 180-day filing requirement for a notice of tort claim) and provides his interpretation of those authorities. However, Bain fails to cite relevant legal authority to support his interpretations. Because Bain's interpretative arguments are bereft of supporting legal authority, we need not consider them. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

App. 1997).  As Bain's arguments are bereft of relevant legal authority or citation to the record, we need not consider them.

## III.

## CONCLUSION

Bain has failed to provide relevant legal authority or citations to the record to support his assertions on appeal.  Therefore, his arguments will not be considered.  Accordingly, the judgment dismissing Bain's medical malpractice claims against Dr. Jackson and Kootenai Health is affirmed.  Costs on appeal are awarded to respondents, Dr. Jackson and Kootenai Health.

Judge GRATTON and Judge HUSKEY, **CONCUR**.