**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49422**

| | |
|---|---|
| AMBER DELLA FITZSIMMONS, | ) |
| | ) **Filed: May 4, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Amber Della Fitzsimmons, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Amber Della Fitzsimmons appeals from the judgment summarily dismissing her petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Fitzsimmons guilty of felony driving under the influence (DUI). This Court affirmed Fitzsimmons' judgment of conviction. *State v. Fitzsimmons*, 169 Idaho 192, 494 P.3d 124 (Ct. App. 2020).[1]

---

[1]     The Idaho Supreme Court granted Fitzsimmons' petition for further review but later dismissed the petition as improvidently granted following oral argument.

Fitzsimmons subsequently filed a pro se petition for post-conviction relief, alleging (as relevant to this appeal) that her trial counsel was ineffective by failing to: (1) review Fitzsimmons' medical records; (2) introduce her alcohol evaluation during trial; (3) "object" to or "challenge" her blood alcohol concentration (BAC) test results; and (4) communicate with and call certain witnesses to testify. After appointing counsel for Fitzsimmons, the district court issued a notice of intent to dismiss Fitzsimmons' claims unless she addressed various defects in each of them within twenty days. Fitzsimmons did not respond by submitting additional evidence or seeking to amend her petition. Rather, Fitzsimmons opposed the summary dismissal of her petition by providing additional legal argument related to her claims that trial counsel failed introduce the medical records and alcohol evaluation during trial or challenge the BAC test results. Ultimately, the district court dismissed Fitzsimmons' petition, concluding that the claims alleged therein could not satisfy either prong of the ineffective assistance standard. Fitzsimmons appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal in a post-conviction case, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Fitzsimmons argues that the district court erred by summarily dismissing her claims that trial counsel was ineffective by failing to: (1) review Fitzsimmons' medical records; (2) introduce her alcohol evaluation; (3) object to or challenge her BAC test results; and (4) communicate with certain potential witnesses.[2] The State responds that the district court properly relied upon more

---

[2]     In her opening brief, Fitzsimmons does not challenge the summary dismissal of her claim that trial counsel was ineffective by failing to object to certain evidence of her prior DUI convictions. Accordingly, we do not address the summary dismissal of that particular claim. *See*

2

than one basis for summarily dismissing each claim. We hold that Fitzsimmons has failed to show error in the summary dismissal of any of her claims for post-conviction relief.

## A.     Ineffective Assistance of Counsel

Claims for post-conviction relief may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Generally, to prevail on an ineffective assistance of counsel claim, petitioners must show that their attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Fitzsimmons asserts that "a reasonable probability exists that . . . the result may have been different" but for trial counsel's four alleged failures identified above. We address each in turn.

---

*State v. Hawkins*, 159 Idaho 507, 517, 363 P.3d 348, 358 (2015) (observing that an issue not raised in a party's opening brief is waived).

### 1.      Medical records

Fitzsimmons' petition alleges that trial counsel failed to review Fitzsimmons' medical records, which allegedly indicate she had a medical condition causing "severe pain and vertigo" that affected her "ability to successfully perform any and all required field sobriety tests" on the night of her arrest.  Fitzsimmons contends the district court erred by concluding that her medical records were unlikely to sway a jury when summarily dismissing this claim.  According to Fitzsimmons, her medical records were not "merely cumulative evidence unlikely to sway a jury."  Rather, she argues the medical records would have corroborated her testimony about her medical condition on the night of the offense, reducing the likelihood the jury would view the testimony as "merely self-serving."

The limited probative force of the medical records, however, was not the only basis the district court identified for summarily dismissing this claim.  In notifying Fitzsimmons of its intent to summarily dismiss this claim, the district court noted that she failed to submit copies of her medical records with her petition for post-conviction relief.  Thus, the claim was subject to summary dismissal for being "bare and conclusory."  Instead of submitting copies of the medical records, Fitzsimmons responded by arguing that trial counsel's failure to review the records was unreasonable because the records would have corroborated her trial testimony.  The district court determined that it was "unable to draw this conclusion" without the medical records.  Consequently, the district court concluded the claim that trial counsel was ineffective by failing to review Fitzsimmons' medical records "was deficient under the first *Strickland* prong."  Fitzsimmons has not shown error in this basis for summary dismissal.

A petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner; and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition.  I.C. § 19-4903.  This Court has previously affirmed the summary dismissal of an ineffective assistance claim based upon an alleged failure by counsel to obtain the petitioner's medical records where the petitioner failed to establish that such records existed by submitting copies of them to the trial court.  *See Cootz v. State*, 129 Idaho 360, 363, 924 P.2d 622, 625 (Ct. App. 1996).  On appeal, Fitzsimmons attempts to remedy her failure to submit her medical records below by attaching copies of them to her opening brief.  However, documents attached to

an appellate brief that are not part of the record cannot be considered on appeal. *W. Cmty. Ins. Co. v. Kickers, Inc.*, 137 Idaho 305, 306, 48 P.3d 634, 635 (2002). Our review is limited to the record made below. *Sparks v. Laura Drake Ins. & Fin Servs., Inc.*, 164 Idaho 138, 141, 426 P.3d 489, 492 (2018). Thus, we will not consider the medical records attached to Fitzsimmons' brief. Fitzsimmons has failed to show error in the summary dismissal of her claim that trial counsel was ineffective by failing to review her medical records.

### 2.    Alcohol evaluation

Fitzsimmons' petition alleges that trial counsel was ineffective by failing to "use[]" an alcohol evaluation conducted by Fitzsimmons' primary care physician opining that Fitzsimmons did not exhibit indicia of "chronic alcoholism" and that "a person her size with infrequent social drinking only . . . would have a difficult time being awake" with the BAC indicated by her tests results.[3]   According to Fitzsimmons, summary dismissal of this claim was error because "a reasonable probability exists that . . . the result" of her trial "would have been different with this evidence."

One of the reasons the district court provided for summarily dismissing this claim was that the opinions expressed in the evaluation were irrelevant "to whether Fitzsimmons was driving while impaired . . . on the evening of her arrest." In support of the decision to summarily dismiss this claim, the district court noted that Fitzsimmons was charged with DUI under both an impairment theory and by driving with a BAC of .08 or more. After observing that the evaluation "is bereft of any mention of . . . any condition that would call into question [Fitzsimmons'] performance on the field sobriety tests or whether she was otherwise under the influence of alcohol," the district court reasoned that she could not demonstrate trial counsel's performance related to the evaluation was prejudicial.

On appeal, Fitzsimmons contends the evaluation "addresses the symptoms of [her] medical condition such as pain and vertigo and therefore could have diminished the [S]tate's evidence" indicating her guilt under an impairment theory. However, Fitzsimmons does not elaborate how the evaluation "addresses" her medical condition in a manner that would reduce the probative force

---

[3]    According to the district court's order dismissing Fitzsimmons' petition, the two BAC tests to which she submitted on the night of the offense indicated her blood alcohol concentration was .330 and .332.

of the State's evidence. Although the evaluation mentions that Fitzsimmons was scheduled for surgery a few days after her arrest "with heavy bleeding, dizziness, and constantly feeling lousy" and that she "tried to explain to [officers] about her issues and upcoming surgery," these statements appear to be reciting information provided by Fitzsimmons--not the physician's independent knowledge or medical opinions. Moreover, the evaluation does not indicate that Fitzsimmons' medical condition on the night of her arrest might have negatively affected her performance on the field sobriety tests or caused her to exhibit other indicia of alcohol impairment. Accordingly, Fitzsimmons has failed to show error in the summary dismissal of her claim that trial counsel was ineffective by failing to "use" the alcohol evaluation.

### 3. Blood alcohol testing

Fitzsimmons' petition alleges that trial counsel was ineffective by failing "to challenge or object to" Fitzsimmons' BAC test results. According to Fitzsimmons, had jurors "been educated about BAC levels they would have known it was more than unlikely" she had a BAC of .33 or above. The district court summarily dismissed this claim because (among other reasons) it "was unsupported by admissible evidence of the physical effect of BAC levels." Specifically, the district court reasoned that Fitzsimmons failed to submit admissible evidence "regarding whether her conduct the night of the stop was consistent with someone who had a BAC above .30." Fitzsimmons does not challenge this basis for summary dismissal. Instead, Fitzsimmons argues that "an objection to the BAC level alongside . . . the unadmitted evidence" could have resulted in the jury concluding that the BAC testing equipment "was not functioning properly."

Where an appellant fails to challenge an alternative, independent basis for a district court's ruling, this Court will uphold the lower court's decision on the unchallenged basis. *Montgomery v. Montgomery*, 147 Idaho 1, 10, 205 P.3d 650, 659 (2009). As noted, Fitzsimmons did not challenge the district court's determination that she failed to support this claim with admissible evidence. Accordingly, we affirm the summary dismissal of this claim on that basis.

### 4. Communication with potential witnesses

Fitzsimmons' petition alleges that trial counsel was ineffective by failing to communicate "with provided witnesses so she did not use them . . . at [Fitzsimmons'] trial." The district court summarily dismissed this claim because Fitzsimmons failed to present sworn affidavits from these prospective witnesses detailing the substance of their proposed testimony. It is not enough to

6

allege that a witness would have testified to certain events or would have rebutted certain statements made at trial without providing, through affidavit, nonhearsay evidence of the substance of the witness's testimony. *Adams v. State*, 161 Idaho 485, 499, 387 P.3d 153, 167 (Ct. App. 2016). Fitzsimmons attempts to remedy her failure to submit the required affidavits to the district court by attaching copies of what she purports to be the necessary affidavits to her opening appellate brief. As previously noted, this Court cannot consider documents attached to an appellate brief that are not part of the record. *W. Cmty. Ins. Co.*, 137 Idaho at 306, 48 P.3d at 635. Our review is limited to the record made below. *Sparks*, 164 Idaho at 141, 426 P.3d at 492. Thus, the affidavits attached to Fitzsimmons' opening appeal brief will not be considered. Accordingly, Fitzsimmons has failed to show error in the summary dismissal of this claim.

## IV.

## CONCLUSION

Fitzsimmons has failed to show error in the summary dismissal of any of her ineffective assistance of counsel claims. Accordingly, the district court's judgment summarily dismissing Fitzsimmons' petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

7