# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No.46477

| | | |
|---|---|---|
| **LEXI D. ELLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Boise, May 2020 Term** |
| **v.** | ) | |
| | ) | |
| **ROBERT LYNN ELLIS,** | ) | **Opinion Filed: June 9, 2020** |
| | ) | |
| **Defendant-Appellant,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) | |
| | ) | |
| **POSTON, DENNEY & KILLPACK,** | ) | |
| **PLLC, an Idaho Professional Limited** | ) | |
| **Liability Company,** | ) | |
| | ) | |
| **Intervenor-Respondent.** | ) | |
| | ) | |

Appeal from the district court of the Seventh Judicial District of the State of Idaho, Jefferson County. Stevan H. Thompson, District Judge.

The decision of the district court is <u>affirmed</u>. Attorney fees and costs on appeal are <u>awarded</u> to PDK.

Swafford Law, P.C., Idaho Falls, attorney for Appellant. Ronald Swafford argued.

Poston, Denney and Killpack, PLLC, Idaho Falls, attorneys for Respondent. Bryan Zollinger argued.

---

BEVAN, Justice

## I. NATURE OF THE CASE

This is an appeal from a district court sitting in its intermediate appellate capacity. The district court affirmed a series of decisions made by the magistrate court relating to Bruce Denney's efforts to collect payment for services he performed as a receiver and forensic accountant in a divorce action between Lexi and Robert Ellis. After the divorce was final, Mr. Denney's accounting firm, Poston, Denney & Killpack, PLLC ("PDK") moved to intervene to

1

recover payment from Robert Ellis, which the magistrate court granted. Later, the magistrate court granted PDK's motion for summary judgment and ordered Mr. Ellis to pay one-half of Mr. Denney's fees. The magistrate court declined to rule on the reasonableness of the fees at that time, determining further proceedings would be necessary. PDK filed a motion for a determination of the reasonableness of fees. After a hearing the magistrate court granted PDK's motion and held Mr. Denney's fees were reasonable. The magistrate court also awarded attorney fees to PDK in bringing the action to recover attorney fees. Mr. Ellis appealed to the district court, which upheld the magistrate court's decision and also awarded attorney fees to PDK on appeal. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In a divorce action between Lexi and Robert Ellis, the magistrate court granted Ms. Ellis' motion for appointment of a receiver, subject to the express condition that the costs of the receiver would be paid from community funds. The court ordered:

> Bruce Denney, CPA, is appointed as Receiver to gather all income of the parties (including income from the parties' dental business known as West Wind Dental, P.A.), pay all legitimate and appropriate expenses of the parties and the business, including child support, receiver fees and forensic accounting fees (subject to the provisions of the immediately succeeding paragraph herein), and divide the remaining funds equally each month between the parties during the pendency of this action, and
>
> IT IS FURTHER ORDERED that [Lexi Ellis'] renewed Motion for Financial Accounting is GRANTED and Bruce Denney is appointed as a forensic accountant and shall provide an accounting of income and funds received from all sources, debts incurred, and expenditures made by both parties from and after January 1, 2013, and said forensic accountant is further authorized, in his discretion, to use not more than $10,000 from the Zion's Bank Money Market dental business "reserve" account to assist in the cost of said accounting.

On January 28, 2014, the magistrate court ordered that "each party shall pay, within fourteen (14) days of the entry of this order, from funds presently held by each party, an equal share, of the balance presently owing to Bruce L. Denney for his forensic accounting and receivership duties." In a footnote, the court stated:

> The court understands that Mr. Denney's fees incurred thus far include $6,293 for his forensic accounting responsibilities and $11,344.80 for his receivership responsibilities for a total of $17,637.80. The court understands that Mr. Denney has been paid $10,000.00 from the Zion's Bank Money Market dental business "reserve" account.

The magistrate court's order also terminated any further responsibilities Mr. Denney had as forensic accountant and receiver. On February 3, 2014, the magistrate court entered a decree of divorce. Lexi and Robert executed a stipulation that was incorporated into the decree requiring each to pay "[o]ne-half of the remaining balance to Bruce Denney as required by the Court Order dated January 28, 2014."

A dispute later arose over the amount owed to Mr. Denney. Mr. Denney claimed the magistrate court did not have several of his billing statements when the court entered its January 28, 2014 order and the actual amount due was $10,615.80. Ms. Ellis previously paid half of the amount of that balance, leaving a balance of $5,307.90. However, based on the footnote in the order, Mr. Ellis alleged that the total amount due was only $7,637.80, and he sought to pay half of that – $3,818.90. On February 25, 2014, Mr. Denney sent Mr. Ellis' attorney a letter advising him that the amount due was $5,304.90[1] not $3,818.90. On March 25, 2014, Mr. Denney's attorney sent Mr. Ellis a demand letter for the $5,304.90 amount plus interest.

In an effort to collect the monies owing, PDK filed a new action in Bonneville County, Case No. CV-20144-2746; however, the record from that case is not before the Court.[2]

On June 1, 2015, more than a year after the decree of divorce was entered, PDK moved to intervene in the closed divorce action to recover payment for Mr. Denney's services. Mr. Ellis objected, arguing that: (1) PDK failed to specify the grounds upon which it believed it had a right to intervene; (2) there was no case pending in which PDK could intervene because the divorce

---

[1] Half of $10,615.80 is $5,307.90, not $5,304.90.

[2] PDK simply directs the Court in a footnote in its appellate brief to "[t]ake judicial notice of Complaint filed on May 13, 2014 as Bonneville County Case No. CV-2014-2746," and to "[t]ake judicial notice of Objection to Plaintiff's Motion for Reconsideration filed on April 15, 2015" in the same case. Although there was no objection to this request in Mr. Ellis' Reply Brief or during oral argument, PDK's request, relegated to a footnote, falls short of what is required by the Idaho Appellate Rules and Evidence Rules. Idaho Rule of Evidence 201(c) provides that the party requesting judicial notice must "identify the specific items for which judicial notice is requested or offer to the court and serve on all parties copies of those items." While the documents were identified by name, they were not offered to the Court nor were they made part of the record on appeal. Even though a court may "take judicial notice at any stage of the proceeding," I.R.E. 201(d), the record on appeal must be settled in the district court, I.A.R. 29(b), and then filed with the Supreme Court. Matters to be judicially noticed by the Supreme Court must be augmented in the settled record by motion under I.A.R. 30(a), with a motion and all relevant documents attached. If the party requesting that notice fails to comply with these requirements, the documents for which judicial notice is sought will not be considered by this Court. Thus, while PDK alleges that Mr. Ellis argued in that case that it should be dismissed because PDK could seek enforcement before the magistrate court in the divorce case, and this fact is not disputed by Mr. Ellis on appeal, the record to support the argument is not before us and will not be considered on this appeal.

3

case was closed; and (3) the court lacked jurisdiction to reopen the case and modify the distribution of property and/or debts.

Following a hearing[3], the magistrate court granted PDK's motion to intervene. On July 27, 2015, PDK filed its intervenor's complaint in the closed divorce action to recover $5,304.90 for Mr. Denney's services, $843.90 in prejudgment interest, and $1,750.00 in attorney fees from Mr. Ellis. On November 19, 2015, PDK filed a motion for summary judgment, arguing that Mr. Ellis failed to comply with the magistrate court's order to pay half of Mr. Denney's fees. On January 8, 2016, the magistrate court granted PDK's motion for summary judgment. The court ordered Mr. Ellis to pay "one-half of the amount due as of January 28, 2015 [sic], and not one half of the amount contained in the footnote of the January 28, 2014 order." But the court declined to grant summary judgment to the extent that it was asked to determine what the amount due was on that date, specifying "[f]urther proceedings are necessary to determine the reasonableness of the amount billed by Poston, Denney & Killpack, PLLC."

On April 22, 2016, PDK filed a motion for determination of reasonableness of fees. Mr. Ellis did not file a brief in opposition. On October 26, 2016, the parties appeared for a hearing on PDK's motion. After hearing testimony and considering affidavits, the court found at the end of the hearing that Mr. Denney made "sincere efforts to comply with the court's order in fulfilling his responsibilities as a receiver and as a forensic accountant." The court also elucidated its reasoning: "it does not appear to me that the expenses are alarming or out of line with what expenses would be in a case of this nature." On November 17, 2016, the magistrate court memorialized its oral findings in writing. It granted PDK's motion, finding that Mr. Denney's fees were reasonable and holding that Mr. Ellis was responsible for his half of $10,615.80, or the amount of $5,307.90.

On December 23, 2016, Mr. Ellis filed a notice of appeal to the district court. He appealed from the magistrate court's order granting PDK's motion for determination of reasonableness of fees and the order granting summary judgment. Nearly seven months later, on July 13, 2017, the magistrate court entered a judgment awarding PDK $8,502.60, which included the $5,307.90 original amount ordered, together with $2,767.50 for attorney fees under Idaho Code section 12-120(1) and $427.20 in costs.

---

[3] The hearing transcript on PDK's motion to intervene was not included in the record on appeal.

On September 10, 2018, the district court entered its opinion and order upholding the magistrate court's judgment. Attorney fees on appeal were not initially addressed in the district court's opinion. On October 1, 2018, PDK petitioned for rehearing, requesting the district court modify its decision to include an award of attorney fees and costs. On October 5, 2018, the district court granted PDK attorney fees on appeal "because [PDK] was entitled to attorney fees under Idaho Code §12-120(1) before the [m]agistrate [c]ourt, [PDK] is also entitled to attorney fees on appeal . . . ." On October 22, 2018, Mr. Ellis filed a timely notice of appeal to this Court.

### III. ISSUES ON APPEAL

1. Did the district court have jurisdiction to consider Mr. Ellis' appeal when his notice of appeal was filed from orders entered prior to the magistrate court's final judgment?

2. Did the district court err in affirming the magistrate court's grant of PDK's motion to intervene?

3. Did the district court err in affirming the magistrate court's grant of summary judgment?

4. Did the district court err in affirming the magistrate court's determination of reasonableness of PDK's fees?

5. Did the magistrate court and district court err in awarding attorney fees and costs to PDK?

6. Is either party entitled to attorney fees and costs on appeal?

### IV. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

Thus, this Court does not review the decision of the magistrate court. Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.

*Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013) (citations and internal quotations omitted).

### V. ANALYSIS

**A.     The district court had jurisdiction to consider Mr. Ellis' appeal.**

5

PDK argues this Court is procedurally bound to dismiss Mr. Ellis' appeal because he never filed an amended notice of appeal from the magistrate court's final judgment. Mr. Ellis filed his notice of appeal on December 23, 2016. The magistrate court did not enter a judgment until July 13, 2017. Although Mr. Ellis never filed an amended notice of appeal, we hold Mr. Ellis' premature notice of appeal became valid once the magistrate court entered final judgment.

Idaho Appellate Rule 17 provides "[a] notice of appeal filed from an appealable judgment or order before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment or order, without refiling the notice of appeal." I.A.R. 17(e)(2); *see also Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 621, 226 P.3d 1263, 1268 (2010) (holding that a premature notice of appeal became valid upon entry of the final judgment since the district court's grant of summary judgment resolved all of the substantive issues in this case). Rule 17(e)(2) represents a policy of judicial fairness, "preserving appeals for determination on their merits rather than penalizing litigants for their eagerness in seeking appellate review." *State v. Gissel*, 105 Idaho 287, 290, 668 P.2d 1018, 1021 (Ct. App. 1983). Because the magistrate court's orders resolved all of the substantive issues in the case, and the magistrate court entered the final judgment before the district court's review on appeal, the district court had jurisdiction to consider Mr. Ellis' appeal.

**B.      The district court correctly affirmed the magistrate court's order allowing PDK to intervene.**

Mr. Ellis argues that the district court erred in affirming the magistrate court's grant of PDK's motion to intervene. A trial court's decision to grant or deny a motion to intervene is a matter of discretion. *W. Cmty. Ins. Co. v. Kickers, Inc.*, 137 Idaho 305, 306, 48 P.3d 634, 635 (2002) (citing *Rodriguez v. Oakley Valley Stone, Inc.*, 120 Idaho 370, 816 P.2d 326 (1991)). On appeal this Court must review whether the four-prong standard for discretionary review has been met. That is, whether the trial judge:

> (1) Correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 867, 421 P.3d 187, 198 (2018).

Mr. Ellis argues that the magistrate court erred in granting PDK's motion to intervene because PDK failed to state the basis for intervention. Idaho Rule of Civil Procedure 24(c)

6

requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." PDK asserts that it sought intervention under Rule 24 to recover payment for services that Mr. Ellis had not paid, thereby presenting questions of both law and fact common to the main action.

After a hearing, the magistrate court granted PDK's motion to intervene. The hearing transcript was not included in the record, thus, this Court cannot discern what the magistrate court considered in granting PDK's motion to intervene. The appellant carries the burden of showing that the trial court committed error. *Kickers,* 137 Idaho at 306, 48 P.3d at 635 (citing *Durrant v. Christensen*, 120 Idaho 886, 821 P.2d 319 (1991)). Error will not be presumed but must be affirmatively shown on the record by appellant. *Id*. "In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error." *Rencher/Sundown LLC v. Pearson*, 165 Idaho 877, 881, 454 P.3d 519, 523 (2019) (quoting *Greenfield v. Smith*, 162 Idaho 246, 253, 395 P.3d 1279, 1286 (2017). Rather, "the missing portions of that record are to be presumed to support the action of the trial court." *Id.* (quoting *Rutter v. McLaughlin*, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980). Mr. Ellis has failed to provide a sufficient record to determine whether the magistrate court abused its discretion when it allowed PDK to intervene.

That said, we must still consider whether a court-appointed individual or firm can intervene in a closed divorce action. Mr. Ellis suggests that since the divorce action was completed, no case remained pending for intervention when PDK filed its motion. In support, he cites *Paul v. Paul*, 97 Idaho 889, 556 P.2d 365 (1976), arguing that a court lacks jurisdiction to modify property provisions of a divorce decree after the time allowed for an appeal has expired. PDK asserted, and the district court found, that PDK was not seeking to have property re-divided in the divorce decree; instead, PDK was trying to enforce a judgment that was originally entered by court order when the divorce was still pending. PDK's position is correct. We thus affirm the district court's decision, upholding the magistrate court's discretionary decision to allow PDK, as a court-appointed party, to intervene.

Still, PDK's motion to intervene would be unnecessary under our procedural rules as now codified. This case arose before Idaho Rule of Civil Procedure 71 was adopted. That rule, adopted in 2016, now provides: "When an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." This rule thus provides the basis for disputes like the one presented here to be resolved simply by the

7

nonparty filing a motion in the trial court. Thus, in future cases it would not be necessary for nonparties like PDK, a neutral court appointed receiver, to intervene in order to seek enforcement of a judgment to collect payment for services rendered. Indeed, such neutrals, or other similarly situated nonparties, may now simply move to enforce the court's order, without the necessity of incurring the added expense and trouble[4] of moving to intervene. Court appointed neutrals fill a vital role and are often necessary to ensure "the just, speedy and inexpensive determination of every action and proceeding." I.R.C.P. 1(b); *see also* I.R.F.L.P. 101. Ensuring that such neutrals are promptly paid is one way to liberally construe these rules to their stated end.

**C.      The magistrate court properly granted summary judgment, and the district court properly affirmed that decision.**

Mr. Ellis argues that the district court improperly analyzed the magistrate court's decision by failing to address the jurisdictional issue in its summary judgment analysis. As explained in Section B, *supra*, the district court correctly determined this was an enforcement matter. Because we have held the magistrate court did not abuse its discretion in allowing PDK to intervene, we also hold that it had jurisdiction to consider PDK's motion for summary judgment. As an enforcement matter, the question before the magistrate court, and the district court on appeal, was whether, as a matter of law, the magistrate court's order requiring payment of one-half of PDK's fees as of January 28, 2014 was clear and unambiguous. If so, the court could properly construe it as a matter of law, and appropriately grant summary judgment. *See Greenwald v. W. Sur. Co.,* 164 Idaho 929, 939, 436 P.3d 1278, 1288 (2019) ("[S]ummary judgment is appropriate only when the district court finds the contract language unambiguous as a matter of law.") (internal citation omitted).

Mr. Ellis contends that the district court erred in holding there was no disputed material fact concerning the amount owed to PDK on summary judgment. The district court held:

> On the summary judgment issue, the [m]agistrate [c]ourt applied the correct legal standard and its factual findings were not clearly erroneous and will not be disturbed on appeal. The issue of the money owed was clearly before the [m]agistrate [c]ourt, being raised in both briefs. Mr. Ellis argues that the

---

[4] A motion to intervene must include another pleading "that sets out the claim or defense for which intervention is sought." I.R.C.P. 24(c). The filing of such a pleading leads to an expensive "trial within a trial." Requiring a neutral to jump through these hoops simply to recover monies already ordered by the court is the type of nuisance that should be avoided.

[m]agistrate [c]ourt already determined how much each party owed in its decision. . . . However, PDK testified that at the time the [c]ourt made the determination, it had not had all of PDK's billing statements before it. . . . Mr. Ellis did not establish a dispute of material fact concerning the amount owed to PDK.

The district court's statement that "Mr. Ellis did not establish a dispute of material fact concerning the amount owed to PDK" is correct only if the "amount owed" was "one-half" of what was owing as of January 28, 2014. Yet the magistrate court's summary judgment did not resolve the ultimate amount due, and any construction of its ruling that concludes as much would be erroneous.

The magistrate court ruled that "Robert Lynn Ellis ow[ed] one-half of the amount due as of January 28, 201[4] and not one-half of the amount contained in the footnotes of the January 28, 2014 Order." This was a legal conclusion based on the plain, unambiguous terms of that court's order. As a result, summary judgment was properly granted.

Even if Mr. Ellis argues that disputed facts precluded summary judgment as to this legal conclusion, the magistrate court had previously, before the divorce was final, ordered "each party [to] pay, within fourteen (14) days of the entry of [its] order, from funds presently held by each party, an equal share, of the balance presently owing to Bruce L. Denney for his forensic accounting and receivership duties." The court was permitted to enter such an order pursuant to Idaho Rule of Civil Procedure 54(d)(1)(E), which provides: "The Court may assess and apportion as costs, between and among the parties to the action, all fees and expenses of masters, *receivers* or expert witnesses appointed by the court in the action." (Emphasis added). Thereafter, Mr. Ellis stipulated that each party would pay "[o]ne-half of the remaining balance to Bruce Denney as required by the Court Order dated January 28, 2014." Further, Mr. Ellis attempted to pay what he alleged was his half, $3,818.90. Thus, there is no factual dispute that the order required both Mr. and Ms. Ellis to pay one-half of the amounts owing to PDK as of January 28, 2014. There is no legal error in the magistrate court's summary judgment ruling. If the magistrate court's findings are supported by substantial evidence and the legal conclusions follow as a matter of law, and if the district court affirmed the magistrate's decision, we must affirm the district court's decision as a matter of procedure. *Pelayo*, 154 Idaho at 858–59, 303 P.3d at 217–18. We thus affirm the district court's decision upholding the magistrate court's grant of summary judgment.

9

**D.** **We affirm the district court's decision upholding the magistrate court's finding on the reasonableness of Mr. Denney's fees.**

Mr. Ellis contends the district court further erred in upholding the magistrate court's decision granting PDK's motion for determination of fees on several additional bases. First, Mr. Ellis argues that the magistrate court improperly conducted a "hybrid hearing" to determine the reasonableness of Mr. Denney's fees. At the start of the hearing, Mr. Ellis argued that when the magistrate court said "further proceedings are necessary to determine the reasonableness of the amount billed" in his summary judgment order, the court meant a trial or an evidentiary hearing. Mr. Ellis said he was ready to proceed under either option, but argued that "it's not simply just a motion, we make some arguments, and call it good." Although the magistrate court never specified what kind of hearing it was conducting, it held a hearing in which Mr. Ellis was allowed to call witnesses and introduce evidence. Based on Mr. Ellis' statement that he was ready to proceed under either option, there was no error in the hearing provided to the parties by the magistrate court.

Mr. Ellis also argues the magistrate court failed to rule on his motion to limit evidence presented and dismiss the case. Before calling witnesses, Mr. Ellis moved to dismiss PDK's complaint and the remaining action on the determination of reasonableness of fees, alleging that PDK did not respond to his discovery requests. In response to a question posed by the court, Mr. Ellis admitted that he had not filed a motion to compel. The magistrate court did not rule on the motion, and simply proceeded with the hearing.

On appeal the district court held that the magistrate court dismissed Mr. Ellis' motion because it had not been presented according to the Idaho Rules of Civil Procedure, e.g., Mr. Ellis had not provided any notice of hearing to the other party or the court. Although the magistrate court never ruled on Mr. Ellis' motion, in similar contexts this Court has held that a trial court's failure to rule on a motion amounts to a denial. *See Sales v. Peabody*, 157 Idaho 195, 202, 335 P.3d 40, 47 (2014) (a "trial court's failure to rule on [a] motion to strike amounts to a denial of that motion."). Thus, the district court properly concluded there was no error in "denying" the motion by dismissing it.

Next, Mr. Ellis argues that the magistrate court did not provide a factual basis for its order, thus, the district court erred in upholding it. In an action tried on the facts without a jury, the trial court must make specific findings of fact and separately state its legal conclusions. The

10

findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. I.R.C.P. 52. After reviewing Mr. Denney's affidavit, billing statements, and testimony, the magistrate court found that Mr. Denney's fees were reasonable. The magistrate court found that Mr. Denney put forth a sincere effort to comply with the court's order in fulfilling his responsibilities as a forensic accountant and receiver. Because this contentious case had been ongoing for years, the court did not find the expenses alarming or out of line with what expenses would be in a case of this nature. Since Ms. Ellis had already paid her half of the fees, the court held that Mr. Ellis was responsible for the "remaining [one-half] of the 10,000-and-odd dollars." The magistrate court later granted PDK's motion for determination of reasonableness of fees, which held Mr. Ellis was responsible for his half of $10,615.80 for fees, or $5,307.90. The magistrate court's decision is supported by substantial and competent evidence in the record. Mr. Denney submitted detailed statements for his work done as a receiver and forensic accountant. Mr. Denney testified the fees he billed were both reasonable and necessary to comply with his duties as a court appointed receiver and forensic accountant. The district court upheld the magistrate court's decision after concluding that the magistrate court's findings of fact and conclusions of law made on the record complied with Idaho Rule of Civil Procedure 52. We agree.

Finally, Mr. Ellis argues that the district court failed to respond to his argument that the magistrate court did not address his allegation that Mr. Denney improperly took more money than he should have from the Zion's Bank Money Market account. When Mr. Denney was appointed, the magistrate court ordered that Mr. Denney's work as a receiver was to be paid from community funds. The court authorized Mr. Denney, in his discretion as a court-appointed receiver and forensic accountant, to use no more than $10,000 from the Zion's Bank Money Market dental business "reserve" account to assist in the cost of said accounting. Later, when the court ordered the parties to each pay half of Mr. Denney's fees the court noted:

> The court understands that Mr. Denney's fees incurred thus far include $ 6,293 for his forensic accounting responsibilities and $11,344.80 for his receivership responsibilities for a total of $17,637.80. The court understands that Mr. Denney has been paid $10,000.00 from the Zion's Bank Money Market dental business "reserve" account.

It is unclear how Mr. Denney was paid $10,000 from the reserve account. Neither the magistrate court, nor the district court addressed this question. Still, throughout proceedings

before the magistrate court, Mr. Ellis consistently claimed that the amount due was $7,637.80. After the court entered its January 28, 2014 order, Mr. Ellis sought to pay half of this amount: $3,818.90, marked "paid in full." Because this amount incorporated the $10,000 already taken from the reserve account, Mr. Ellis is precluded from now making the argument that the $10,000 was improperly paid out of the Zion's Bank account. *McGimpsey v. D&L Ventures, Inc.*, 165 Idaho 205, 216, 443 P.3d 219, 230 (2019) (a party may not advantageously take a position, then subsequently seek a second position incompatible with the first.). Although Mr. Ellis alleged that Denney improperly took $3,707 from the reserve account, he did not file a counterclaim to recover this sum. *See* I.R.C.P. 13. Moreover, the Zion's Bank account was a community asset, which was used to pay $10,000 of a total community debt of $20,615.80. Inasmuch as Mr. Ellis argues that Mr. Denney should not have applied all of those funds to the total debt since the forensic accounting billings were less than the $10,000 balance in that account, he can show no prejudice. "A party alleging error on appeal must also show that the alleged errors were prejudicial. Alleged errors not affecting substantial rights will be disregarded." *Baughman v. Wells Fargo Bank, N.A.*, 162 Idaho 174, 179, 395 P.3d 393, 398 (2017) (internal quotation and citations and omitted). Thus, we affirm the district court's order affirming the magistrate court's determination that Mr. Denney's fees were reasonable.

**E.      The magistrate court and district court did not abuse their discretion in awarding PDK attorney fees.**

Mr. Ellis argues that the magistrate court and district court erred in awarding attorney fees and costs to PDK. "An award of attorney fees and costs is within the discretion of the trial court and subject to an abuse of discretion standard of review." *Nye v. Katsilometes*, 165 Idaho 455, 459, 447 P.3d 903, 907 (2019) (internal citation omitted). If a court grants attorney fees in a civil action, it must consider the multiple factors identified in Idaho Rule of Civil Procedure 54(e) in determining the amount of such fees.

After considering arguments in support and opposition of PDK's motion for attorney fees, the magistrate court awarded PDK attorney fees under Idaho Code section 12-120(1). Mr. Ellis claims the magistrate court's order was insufficient to comply with Idaho Rule of Civil Procedure 54(e). That said, PDK's counsel submitted an affidavit which described these factors: the hourly rate billed; detailed hourly billings that showed the specific time required; the reasonableness of the fees; the time and labor required; and that the fee was "a fixed hourly rate."

As concluded by the district court, the affidavit from PDK's counsel detailed all of the Rule 54(e) factors. Thus, at best Mr. Ellis can only argue that the magistrate court should have made its own independent statement that its award met all of the Rule 54(e) factors. Nevertheless, the magistrate court's award of attorney fees is supported by substantial and competent evidence in the record; as such, the district court did not err in upholding the magistrate court's award of attorney fees.

The district court awarded PDK attorney fees and costs on appeal as the prevailing party under Idaho Rule of Civil Procedure 54(d)(1)(B), and found that because PDK was entitled to attorney fees under section 12-120(1) before the magistrate court, PDK was also entitled to attorney fees on appeal under Idaho Appellate Rule 41. "The mandatory attorney fee provisions of I.C. § 12-120 govern on appeal as in the trial court. When the appeal of an order on attorney fees concerns entitlement to them, not the amount of an award, the statute does apply." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc*., 141 Idaho 716, 721, 117 P.3d 130, 135 (2005) (internal citation and quotation omitted). The district court did not err in determining PDK was the prevailing party on appeal, and because the appeal concerned the entitlement to, and not the amount of the award, the district court did not abuse its discretion in awarding attorney fees.

Still, Mr. Ellis claims that both courts erred in awarding attorney fees because they were prohibited under *Dalliba v. Riggs*, in which this Court held that a receiver could not seek "attorney's fees" for his work:

> [T]he receiver is not entitled to any allowance for attorney's fees. That charge must be borne by him individually and out of his private estate. He has never at any time, so far as it appears from this record, been authorized to employ an attorney in the administration of his office; nor does it appear that he has ever had occasion for an attorney other than in presenting this account and securing an order and judgment allowing the same, and for such services the estate should not be charged. He should not be allowed to bring extraordinary and exorbitant claims and charges against the estate, and then be allowed attorney's fees out of the estate for prosecuting those claims to final judgment against the estate he has been representing. In *Wilkinson v. Washington Trust Co*., 102 Fed. 28, 42 C. C. A. 140, paragraph 1 of the syllabus says: "A receiver is not entitled to an allowance for disbursements to attorneys for making reports to the court involving nothing more than a simple narrative of his acts, and on account of his receipts and disbursements."

13

11 Idaho 364, 373, 82 P. 107, 109 (1905). This Court recognized that the receiver in that case had exceeded the scope of his authority, including the fact that the receiver "did not keep anything like accurate accounts, that he did not take vouchers for his expenditures, that he was extravagant to the verge of recklessness in the employment of help and servants about the property, and that, when he came to filing his account, he made many charges against the estate where no charge whatever should have been made and none in fact existed." *Id*.

As reasoned by the district court, PDK was not seeking "attorney fees" for Mr. Denny's work as a receiver, which may have been foreclosed by *Dalliba*. Instead, PDK was seeking attorney fees for its efforts to enforce a court order and judgment, just as any other party might have a right to do. Mr. Ellis has failed to show that the lower courts abused their discretion in awarding attorney fees to PDK.

**F.      PDK is also entitled to attorney fees and costs on this appeal.**

Mr. Ellis requests attorney fees and costs on appeal under Idaho Code section 12-120(1) and 12-121. Mr. Ellis is not the prevailing party on appeal, thus, he is not entitled to attorney fees.

PDK argues it is entitled to attorney fees on appeal as the prevailing party under section 12-120(1). Idaho Code section 12-120(1) provides:

> . . . in any action where the amount pleaded is thirty-five thousand dollars ($35,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five percent (95%) of the amount awarded to the plaintiff.

I.C. § 12-120(1).

PDK is entitled to attorney fees on appeal as the prevailing party under section 12-120(1) because the criteria of the statute were satisfied before this case was filed in the magistrate court. *Eighteen Mile Ranch*, 141 Idaho at 721, 117 P.3d at 135.

## VI. CONCLUSION

We affirm the district court decision. Attorney fees and costs on appeal are awarded to PDK.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.