# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 48012

FARMS, LLC, an Idaho limited liability company,

    Plaintiff-Respondent,

v.

RALPH D. ISOM, a married man,

    Defendant-Appellant,

and

JOHN and/or JANE DOES 1-5,

    Defendants.

Boise, June 2021 Term

Filed: August 3, 2021

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Keith M. Walker, Magistrate Judge; Bruce L. Pickett, District Judge.

The decision of the district court is <u>affirmed</u>.

Robinson & Cotten, Rupert, Idaho, attorneys for Appellant. Brent Robinson argued.

Maynes Taggart, PLLC, Idaho Falls, Idaho, attorneys for Respondent. Steven Taggart argued.

---

BEVAN, Chief Justice.

This appeal arises from a forcible detainer action. In 2015, Ralph Isom filed for bankruptcy. Ultimately, a bankruptcy trustee for the estate settled with Isom's primary creditor, Farms, LLC ("Farms"). As part of the settlement, the bankruptcy trustee conveyed a ten-acre parcel from the bankruptcy estate to Farms. Isom was living on the ten-acre parcel at the time. When Isom refused to vacate the ten-acre parcel, Farms initiated this forcible detainer action. The magistrate court entered judgment for Farms and ordered Isom to vacate the ten-acre parcel. Isom appealed to the

1

district court, but also vacated the property as the magistrate court had ordered. Because Isom had vacated, and thus no longer occupied or owned the ten-acre parcel, the district court held that Isom's appeal before it was moot. The district court went further, however, and rejected the merits of Isom's appeal. Isom appealed the district court's decision on the merits, but failed to appeal the district court's holding that his appeal was moot. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Isom filed for Chapter 11 Bankruptcy. As part of the bankruptcy petition, Isom disclosed the real property he owned, including a ten-acre parcel described as:

> Ten (10) acres, more or less, of irrigated farm ground together with water rights appertaining thereto, with shop, grain bins and residence located at 5584 West 33rd North, Idaho Falls, Bonneville County, Idaho, which is more particularly described as S½ E½ SE¼, Section 6, Township 2 North, Range 37 EBM, Bonneville County, Idaho.

On July 12, 2016, after being evicted from his home, Isom moved into the shop located on the ten-acre parcel. After Isom's attempts to reorganize failed, the Chapter 11 Bankruptcy was converted to a Chapter 7 Bankruptcy and R. Sam Hopkins was appointed as the bankruptcy trustee.

Farms was Isom's main creditor. After years of litigation, the bankruptcy trustee and Farms reached a settlement. The settlement provided:

> [T]he Trustee acknowledges that [Farms] holds a secured judgment lien on real property, including . . . an approximate ten acre parcel that a shop, grain bins, and residence commonly known as 5584 West 33[rd] North, Idaho Falls, Idaho. The Farms, LLC lien arises from the purchase of a judgment formerly owned by PacifiCorp, an Oregon Corporation, who obtained a judgment against Ralph Isom, individually, and Ralph Isom, dba Ralph Isom Farms, I & S Farms Partnership et al, recorded on February 13, 2015 in the amount of $305,877.86 . . . . The Trustee has reviewed the estimated value of the properties and has concluded that there would be no equity value for the bankruptcy estate beyond the secured claim held by [Farms]. The properties may be subject to a general, secured lien in favor of the Internal Revenue Service that will be resolved by the Trustee in the bankruptcy proceeding. The parties acknowledge that there are junior judgment liens on the property that are likely avoidable as preferences or can be foreclosed out by [Farms] under the PacifiCorp judgment. The Trustee agrees to cooperate with [Farms] to request the junior judgment lienholders voluntarily release their liens, but if the junior lienholders do not voluntarily release the liens, [Farms] acknowledges that he may need to foreclose the judgment lien to foreclose out the junior lienholders. If requested by [Farms], the Trustee will execute a quit claim deed to transfer the estate's interest in the real property to [Farms] or a [Farms] designee. . . . [Farms] may decide not to request the deed and elect to foreclose the judgment lien.

The bankruptcy court approved the settlement on May 28, 2019. Under the settlement, on June 11, 2019, the bankruptcy trustee transferred the ten-acre parcel from the bankruptcy estate to Farms by quitclaim deed. The deed was recorded on July 3, 2019.

Isom continued living in the shop on the ten-acre parcel after the bankruptcy trustee transferred the ten-acre parcel to Farms. On June 14, 2019, Farms notified Isom that he had ten days to vacate the ten-acre parcel. Isom did not vacate the ten-acre parcel in those ten days. On June 27, 2019, Farms sent a process server to deliver a letter informing Isom that if he did not surrender the ten-acre parcel by June 30, 2019, Farms would bring a forcible detainer action against him. Again, Isom did not vacate.

Farms then initiated this forcible detainer action. Isom moved to dismiss the complaint, arguing there was no evidence of force, as required in a forcible detainer action. Isom also argued he did not unlawfully possess the ten-acre parcel because he was entitled to an automatic homestead exemption. After a hearing, the magistrate court found Isom's refusal to vacate the ten-acre parcel amounted to forcible detainer under Idaho Code section 6-302(1) and ordered Isom to vacate the property. Additionally, the magistrate court awarded Farms attorney fees as the prevailing party under Idaho Code section 6-324.

On July 24, 2019, Isom appealed the magistrate court's judgment and order to the district court. Isom also moved the district court to stay proceedings pending the appeal. Even so, Isom vacated the ten-acre parcel on July 29, 2019 as the magistrate court had ordered.

The district court denied Isom's motion to stay. The district court then affirmed the magistrate court's judgment and order for eviction. The district court held Isom's appeal was moot because Isom was "not entitled to legal possession of the ten-acre [parcel] even if he [were] successful on appeal." In an abundance of caution, the district court also rejected the merits of Isom's appeal: (1) that the magistrate court did not err by holding Farms was entitled to possession of the ten-acre parcel; (2) Isom was not entitled to an automatic homestead exemption; and (3) Isom's actions constituted forcible detainer. The district court also affirmed the magistrate court's attorney fee award for Farms. Additionally, the district court awarded Farms attorney fees on appeal under Idaho Code section 6-324. Isom timely appealed the district court's decision.

## II. STANDARD OF REVIEW

3

In reviewing the decision of a district court acting in its appellate capacity, the standard of review requires that we review the district court's decision to determine whether its decision is supported by the findings of fact and legal conclusions of the magistrate court:

> Th[is Court] reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Ellis v. Ellis*, 167 Idaho 1, 6–7, 467 P.3d 365, 370–71 (2020) (quoting *Pelayo v. Pelayo*, 154 Idaho 855, 858–59, 303 P.3d 214, 217–18 (2013)). This Court does not review the magistrate court's decision but is "procedurally bound to affirm or reverse the decisions of the district court." *Id*. at 7, 467 P.3d at 371.

## III. ANALYSIS

### A. Isom waived his right to object to the district court's mootness ruling as a matter of procedure.

The magistrate court entered judgment against Isom and ordered Isom to vacate the ten-acre parcel. Although Isom appealed the magistrate court's judgment and order for eviction, Isom vacated the ten-acre parcel as ordered. Because Isom had vacated, and thus no longer occupied or owned the ten-acre parcel, the district court held that Isom's appeal before it was moot. Isom appealed the district court's decision on forcible detainer but failed to challenge the district court's dispositive holding regarding mootness in his opening brief.

This Court requires an appellant's opening brief to contain an accurate statement of the case, any issues presented on appeal, and proper argument. *See* I.A.R. 35(a)(3), (4), and (6). "Idaho Appellate Rule 35(a)(6) provides that the arguments of the parties 'shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon.' " *McCandless v. Pease*, 166 Idaho 865, 872, 465 P.3d 1104, 1111 (2020) (quoting I.A.R. 35(a)(6)). Issues not supported by argument and authority will not be considered on appeal by this Court. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). "[T]o the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived." *McCandless*, 166 Idaho at 872, 465 P.3d at 1111 (quoting *Dawson v. Cheyovich Fam. Tr.*, 149 Idaho 375, 383, 234 P.3d 699, 707 (2010)).

4

The district court made only one holding relevant to our review—Isom's appeal before it was moot because "Isom [was] not entitled to legal possession of the ten-acre [parcel] even if he [were] successful on appeal." The district court explained:

> Isom's appeal seeks to reverse the [m]agistrate [c]ourt's order evicting Isom from the ten-acre [parcel]. Therefore, the [c]ourt must consider the remedies available to Isom if the [m]agistrate's decision is reversed on appeal. Assuming arguendo the [c]ourt finds Isom's conduct did not amount to forcible detainer, the [c]ourt cannot order Farms, LLC, to return the ten-acre farm to Isom because he has already vacated the premises. When Isom filed for Chapter 11 Bankruptcy in 2015, all "legal and equitable interest in the property" owned by Isom was pulled into the bankruptcy estate, including the ten-acre [parcel]. The Bankruptcy Trustee controls the distribution of property of the estate and is the "owner" of the legal and equitable interest in the bankruptcy estate. Thus, beginning in 2015, the Trustee was the owner of the ten-acre [parcel]—not Isom.

(Footnotes omitted).

Isom failed to raise, let alone argue against, the district court's decision as it related to mootness. Isom's failure "to engage with the legal reasoning underlying the district court's [mootness] decision" constitutes waiver of the issue. *See Bergeman v. Select Portfolio Serv.*, 164 Idaho 498, 502, 432 P.3d 47, 51 (2018). Isom's waiver is dispositive. As a result, we will not reach the merits of his appeal as it relates to the sufficiency of proof regarding the forcible detainer action.

**B.    Farms is entitled to attorney fees on appeal under Idaho Code section 6-324.**

Isom requests attorney fees and costs on appeal under Idaho Appellate Rule 40(a), 41, and Idaho Code section 12-120(3). Isom, however, is not the prevailing party and is therefore not entitled to attorney fees on appeal. Farms requested attorney fees on appeal under I.A.R. 11.2, and Idaho Code sections 6-324 and 12-121. Idaho Code section 6-324 provides "[i]n any [forcible detainer] action . . . the prevailing party shall be entitled to an award of attorney fees." The basis of this appeal is a forcible detainer action and Farms is the prevailing party. Thus, attorney fees on appeal are awarded to Farms under Idaho Code section 6-324. Because we award fees to Farms under Idaho Code section 6-324, we need not address whether fees are warranted under Idaho Code section 12-121.

## VI. CONCLUSION

The decision of the district court is affirmed, with costs and attorney fees awarded to Farms.

Justices BRODY, STEGNER, MOELLER and Justice *pro tem* TROUT, CONCUR.

5