## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 51274-2023

| | | |
|---|---|---|
| KRISTIN A. MARLAR, <br> fka KRISTIN A. GDEARHART, | ) <br> ) <br> ) | |
| Petitioner-Respondent, | ) <br> ) | **Twin Falls, November 2024 Term** |
| v. | ) <br> ) <br> ) | **Opinion filed: February 27, 2025** |
| DAN LEE GEARHART, | ) <br> ) | **Melanie Gagnepain, Clerk** |
| Respondent-Appellant. | ) <br> ) <br> ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Blaine County. Ned C. Williamson, District Judge. Jennifer L.K. Haemmerle, Magistrate Judge.

The decision of the district court is <u>reversed</u>.

Roy, Nielson, Platts & McGee, LLP, Twin Falls, for Appellant. Eric B. Nielson argued.

Gjording Fouser, PLLC, Boise, for Respondent. Stephen L. Adams argued.

---

ZAHN, Justice.

This appeal concerns a magistrate court's authority to retroactively credit Social Security Disability Insurance ("SSDI") payments against child support arrearages. In September 2018, Dan Lee Gearhart and Kristin A. Marlar divorced. Gearhart applied for SSDI disability benefits on behalf of himself and his children. His applications were approved after the divorce was finalized, and he and the children received SSDI payments dating back to August 2018. The children's benefits were paid to Marlar, who the Social Security Administration appointed as the children's "representative payee." Gearhart stopped making monthly child support payments. Two years later, Gearheart filed a petition with the magistrate court that sought two forms of relief, only one of which is at issue in this appeal: to correct the records of the Idaho Department and Health and Welfare to include past Social Security benefits paid to the children and to reflect that his child

1

support arrearage was $0.00. Marlar opposed the petition. At the conclusion of motion practice, the magistrate court credited the SSDI payments against Gearhart's child support arrearage, which eliminated Gearhart's outstanding balance.

Marlar appealed the magistrate court's decision to the district court. The district court reversed the magistrate court's decision after concluding that the plain language of Idaho Code section 32-709 prohibited the retroactive modification of child support in this case. Gearhart appeals. We reverse the district court's decision because section 32-709 is inapplicable to this case.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Gearhart and Marlar were married in February 2005 and had three children during their marriage. In May 2017, Gearhart moved out of the residence he shared with Marlar and their children pursuant to a no contact order entered in a separate criminal case. Shortly thereafter, in June 2017, Marlar filed a Petition for Divorce, Child Custody and Child Support.

The matter went to trial before the magistrate court. In September 2018, the magistrate court issued a judgment and decree of divorce granting the parties joint legal and physical custody of the children and requiring Gearhart to pay $639.81 in monthly child support to Marlar.

At the time of Marlar and Gearhart's divorce, Gearhart had been diagnosed with Parkinson's disease. In August 2018, between the completion of the divorce trial and the issuance of the judgment and decree of divorce, Gearhart applied for SSDI benefits on behalf of himself and the three children.

In February 2020, the Social Security Administration sent three letters to Marlar notifying her that all three children had been approved for monthly SSDI benefits beginning in March 2020 and that Marlar had been appointed as the "representative payee" for the payments. Each child was granted monthly benefits in the amount of $425, for a total monthly benefit payment of $1,275. Each child was also awarded a one-time payment of $7,404 for past monthly payments between August 2018 and January 2020, for a total one-time lump sum payment of $22,212. The notices specified that Marlar "will receive [the children's] checks and use the money for [the children's] needs." The Social Security Administration sent copies of the notices to Gearhart as well. The letters included a notification of the right to appeal "the parts of the decision that you think are wrong" and that the Social Security Administration would "correct any mistakes."

Between the date of Gearhart's application for SSDI benefits and the commencement of SSDI payments, Gearhart received disability insurance benefits pursuant to a policy with The

Guardian Life Insurance Company of America. Guardian awarded disability benefits to Gearhart for himself and the children and paid the entire benefit amount to Gearhart each month. Marlar has argued that Gearhart never advised her that he was receiving the benefits from Guardian and Gearhart has not disputed her assertion.

According to Gearhart, his Guardian policy required him to apply for SSDI benefits, which, if granted, would offset the disability funds paid by Guardian. After Gearhart's applications for SSDI benefits were granted, including back-pay for the time between the submission and grant of the applications, Guardian issued a written demand to Gearhart for reimbursement in the amount of $41,908.13, which represented "the difference between what [Guardian] paid and what [Guardian] should have paid since you have been awarded [SSDI] benefits."

Gearhart sent Marlar a letter demanding that she pay the children's back-pay awards to Guardian to satisfy the portion of his repayment obligation related to benefits that Gearheart received on the children's behalf. Marlar responded that the SSDI payments were for the children's needs and, as their fiduciary, she had placed the money in a separate bank account. As a result, Marlar refused to give the children's SSDI payments to Guardian. Marlar stated that Gearhart had received the Guardian payments and therefore it was his obligation to repay them. Gearhart later persuaded Guardian to forgive that portion of the reimbursement demand related to the children's payments.

In May 2020, after Marlar refused to send the children's SSDI payments to Guardian, Gearhart stopped paying child support to Marlar. Gearheart had been current on his child support payments up to that point. Marlar sent multiple communications to Gearhart, advising that he remained obligated to make his court-ordered child support payments. Marlar's attorney also sent several letters to Gearhart, informing him that he was past due on his child support, notifying him of the amount owed, and informing him that he must seek a modification if he does not agree with the child support order.

In May 2022, after two years of not paying his court-ordered child support, Gearhart filed a petition to modify child support and to set his child support arrearage to $0.00. He claimed that the SSDI payments Marlar received on behalf of the children constituted a substantial and material change in circumstances. He alleged that, when he was notified that SSDI would be sending Marlar approximately double the amount of his child support obligation each month on behalf of the minor children, he understood the SSDI payment was in lieu of his monthly child support. Gearhart's

3

petition sought two forms of relief from the magistrate court. The only relief at issue in this appeal is Gearhart's request that the magistrate court order the Idaho Department of Health and Welfare, Child Support Services to correct Gearhart's arrearage to show he owed nothing. Marlar filed a motion for summary judgment, arguing that Gearhart sought a retroactive modification to his child support in violation of Idaho Code section 32-709.

The magistrate court denied Marlar's motion for summary judgment. The magistrate court acknowledged that child support obligations cannot be retroactively modified but determined that it had discretion to apply the SSDI payments as a credit. As such, the magistrate court applied the credit to Gearhart's arrearage, and his outstanding child support obligation changed from $16,635.06 to $0.00.

Marlar appealed the magistrate court's decision crediting the SSDI payments to Gearhart's arrearage to the district court. She argued that the magistrate court failed to correctly apply the law because the plain language of Idaho Code section 32-709 provides that the retroactive modification of child support is generally prohibited except in one instance that was not applicable in Gearhart's case. The district court agreed. Accordingly, it reversed the magistrate court and remanded the case with instructions to deny the application of SSDI payments as a credit against Gearhart's outstanding support obligation. The magistrate court thereafter entered a judgment denying Gearhart's request for a credit and reinstating his child support arrearage at $16,635.06.

Gearhart appeals the district court's decision and the magistrate court's subsequent judgment.

## II.      ISSUES ON APPEAL

1. Whether the district court erred by reversing the magistrate court's decision.
2. Whether either party is entitled to attorney fees on appeal.

## III.      STANDARD OF REVIEW

When we review a decision of a district court acting in its appellate capacity, we review the decision to determine whether it is supported by the findings of fact and legal conclusions of the magistrate court. *Farms, LLC v. Isom*, 169 Idaho 188, 190, 493 P.3d 947, 949 (2021) (citation omitted). "This Court does not directly review the magistrate court's decision but is procedurally bound to affirm or reverse the decisions of the district court." *Id.* (internal quotation marks omitted) (quoting *Ellis v. Ellis*, 167 Idaho 1, 7, 467 P.3d 365, 371 (2020)).

4

# IV.    ANALYSIS

**A. Idaho Code section 32-709 does not apply to Gearhart's petition because his requested relief did not constitute a modification or seek the type of credit described in the statute.**

Gearhart's petition requested the magistrate court to order the Idaho Department of Health and Welfare, Child Support Services to correct its records to show that he owed no child support arrearage. Marlar opposed the petition and argued that Gearhart was effectively seeking a retroactive modification of his child support, which is prohibited by Idaho Code section 32-709(1). Gearhart argued that Idaho Code section 32-709 was inapplicable to his petition because he was not asking the court to modify his arrearage, but instead was requesting the SSDI payments be considered as a payment of his child support obligation.

The magistrate court framed the issue as whether the SSDI payments could be applied as a credit to Gearhart's outstanding arrearage. It concluded that it was appropriate to credit the SSDI benefits received against the child support arrearage:

> Here [Gearhart] was in compliance with his basic support obligation; the amount of [SSDI] exceeds the basic support obligation. Because the [SSDI] benefits are akin to and based upon [Gearhart]'s earnings and contributions it is appropriate to utilize those funds to satisfy the current support obligation and the arrearages that arose subsequent to the receipt of those benefits in the form of [a] credit against such arrearages.

The magistrate court thereafter entered a judgment reflecting Gearhart's child support arrearage as $0.00.

Marlar appealed the decision to the district court, arguing that the magistrate court did not have discretion to retroactively modify the child support arrearage through a credit because Idaho Code section 32-709(1) prohibits retroactive modification, and Idaho Code section 32-709(2) creates the only exception to that rule and was inapplicable. Gearhart countered that the magistrate court, as a court of equity, had discretion to apply a credit.

The district court held that the plain language of Idaho Code section 32-709 does not provide the magistrate court with discretion to credit the SSDI funds to Gearhart's child support arrearage because section 32-709(1) provides that child support obligations cannot be retroactively modified, and section 32-709(2) provides the only exception to that rule, which applies when a child has resided primarily with the obligated parent for over 120 days with the knowledge and consent of the custodial parent. The district court determined that the exception did not apply in Gearhart's case. The district court remanded the case to the magistrate court "with instructions to

5

deny the application of a credit against child support arrearages for the [SSDI] payments." Following remand from the district court, the magistrate court entered a judgment that awarded Gearhart no credit for the SSDI payments and stated that his child support arrearage "totaling $16,635.06 shall remain in full force and effect on the records of the Department of Health and Welfare, Child Support Services."

Gearhart appeals from the district court's order and argues that its interpretation of Idaho Code section 32-709 was erroneous because the statute does not limit the instances in which a credit can be granted. Alternatively, he asks this Court to modify Idaho's Child Support Guidelines to address the treatment of SSDI benefits in situations such as his.

"The interpretation of a statute is a question of law this Court reviews de novo." *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020) (quoting *State v. Smalley*, 164 Idaho 780, 783, 435 P.3d 1100, 1103 (2019)). "The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *Davis v. Blast Props., Inc.*, 174 Idaho 37, ___, 551 P.3d 706, 709–10 (2024) (quoting *Darrow v. White*, 172 Idaho 272, 280, 531 P.3d 1169, 1177 (2023)). "Statutory interpretation begins with the literal language of the statute giving the words their plain, usual, and ordinary meaning." *Dep't of Health & Welfare v. Beason*, 173 Idaho 598, ___, 546 P.3d 684, 690 (2024) (citation omitted). "If the statutory language is unambiguous, we need not engage in statutory construction and are free to apply the statute's plain meaning." *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023) (quoting *Callies v. O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009)).

Both the magistrate court and the district court based their decisions on Idaho Code section 32-709, which concerns the modification of child support and spousal support:

> (1) The provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of a substantial and material change of circumstances.

> (2) The court may allow a credit against child support arrearages for periods of time exceeding one hundred twenty (120) days during which the minor children have lived primarily with the obligated parent with the knowledge and consent of the custodial parent.

I.C. § 32-709. The parties likewise focused their arguments before both courts on the applicability of section 32-709. However, we hold that the statute does not apply to Gearhart's petition. Gearhart did not seek a modification of future child support payments. Instead, Gearhart's petition sought something else: a determination that the SSDI payments made to Marlar fulfilled his child support

obligation and should be credited as such. Further, for the reasons we discuss below, we conclude that, while section 32-709(2) addresses the application of one type of credit, the plain language of the statute did not limit the magistrate court's discretion to credit the SSDI benefits paid in a given month against the child support obligation owed for that same month.

Section 32-709 limits the modification of a child support obligation to "installments accruing subsequent to the motion for modification[.]" I.C. § 32-709(1). A modification is defined as a "change." *Modification*, Black's Law Dictionary (5th ed. 1979). The plain language of this subsection applies to requests to change the amount of a monthly child support obligation, not a request to credit amounts received against an outstanding arrearage. The relevant portion of Gearhart's petition did not seek to retroactively reduce the amount of his monthly child support obligation. Rather, he sought an order correcting the records of the Department of Health and Welfare to reflect that the prior months' child support obligation had *already been paid* through the SSDI payments:

> Because [Gearhart] has already received approximately double the amount of child support due and in some cases triple in each month, it is not equitable for this arrearage to remain in place. This court should order that [t]he Department of Health and Welfare, Child Support Services, correct their records to show no arrearage.

Crediting amounts previously paid against a child support arrearage does not constitute a retroactive modification of the monthly child support obligation. As noted by the Supreme Court of Illinois, "a distinction exists between 'crediting an obligation with payment made from another source and increasing, decreasing or terminating, or otherwise modifying a specific dollar amount[.]' " *In re Marriage of Henry*, 622 N.E.2d 803, 808 (Ill. 1993) (first quoting *Board v. Board*, 690 S.W.2d 380, 381 (Ky. 1985); then citing *Hanthorn v. Hanthorn*, 460 N.W.2d 650, 654 (Neb. 1990)). Gearhart did not ask the magistrate court to increase, decrease, or terminate his monthly obligation. He requested that the SSDI payments that had already been paid to Marlar on the children's behalf be considered payment of his child support obligation for those prior months. The relevant portion of Gearhart's petition did not seek a modification of his child support obligation and therefore Idaho Code section 32-709(1) was inapplicable to the relief he sought concerning his arrearage.

Likewise, Idaho Code section 32-709(2) was inapplicable to Gearhart's request. Idaho Code section 32-709(2) provides that a credit is allowable against a child support arrearage when

7

a child has primarily lived with the obligated parent for more than 120 days. I.C. § 32-709(2). The district court correctly concluded that the credit described in subsection (2) did not apply to Gearhart's case. However, we hold that the district court erred when it concluded that section 32-709(2) provided the only instance in which a credit could be granted against an arrearage.

The plain language of section 32-709(2) does not limit the reasons a credit may be granted. Instead, it addresses one circumstance when a credit may be granted:

> The court *may allow* a credit against child support arrearages for periods of time exceeding one hundred twenty (120) days during which the minor children have lived primarily with the obligated parent with the knowledge and consent of the custodial parent.

I.C. § 32-709(2) (emphasis added). The plain language of section 32-709(2) does not state that it is the only circumstance when a credit may be granted. If the legislature had intended to do so, it would have only needed to insert the word "only" so the subsection read, "[t]he court may only allow a credit." However, it imposed no such limitation. The district court erred in construing section 32-709(2) to impose a limitation that is not contained in the plain language of the statute.

Given that section 32-709(1) did not apply and section 32-709(2) imposed no limitation on the magistrate court's equitable powers in this instance, the district court erred in concluding that the magistrate court lacked legal authority to credit the SSDI payments against Gearhart's arrearage. We therefore reverse the district court's decision reversing the magistrate court and directing the magistrate court to deny Gearhart's petition. We remand to the district court with instructions to reinstate the magistrate court's judgment applying the SSDI payments as a credit toward Gearhart's arrearage.

## B. Neither party is entitled to attorney fees on appeal.

Gearhart asserts that he is entitled to attorney fees on appeal under Idaho Code section 12-121. Under Idaho Code section 12-121, fees may be awarded to the prevailing party if "the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. This Court "will not consider a request for attorney fees on appeal that is not supported by legal authority or argument." *Bream v. Benscoter*, 139 Idaho 364, 369, 79 P.3d 723, 728 (2003) (first citing *Robbins v. County of Blaine*, 134 Idaho 113, 996 P.2d 813 (2000); then citing *Meisner v. Potlatch Corp.*, 131 Idaho 258, 954 P.2d 676 (1998); then citing *Petersen v. Franklin County*, 130 Idaho 176, 938 P.2d 1214 (1997); and then citing *Buchin v. Lance* (*In re Writ of Prohibition Entitled "Ballot Title Challenge Oral Argument Requested"*), 128 Idaho 266, 912 P.2d 634

(1995)). Although Gearhart is the prevailing party on appeal, he provides no argument for why Marlar's arguments are frivolous, unreasonable or without foundation. As such, we decline to consider Gearhart's fee request.

Marlar argues that she is entitled to attorney fees under Idaho Code sections 12-120(1), 12-121, and 32-704(3). Both Idaho Code sections 12-120(1) and 12-121 only award attorney fees to the prevailing party on appeal. Marlar is not the prevailing party, and therefore is not entitled to fees under Idaho Code sections 12-120(1) and 12-121.

Marlar, however, is not required to be a prevailing party in order to recover fees under section 32-704. *Reed v. Reed*, 157 Idaho 705, 718, 339 P.3d 1109, 1122 (2014). When determining whether to award fees under Idaho Code section 32-704, "the court considers the financial resources of both parties and the factors set forth in Idaho Code section 32-705." *Hess v. Hess*, ___ Idaho ___, ___, 558 P.3d 254, 273 (2024) (citing I.C. § 32-704(3)). "[S]eeking attorney fees pursuant to section 32-704(3) is a fact sensitive inquiry based on evidence that should be presented to the trial court in the first instance, not to this Court on appeal." *Id.* at ___, 558 P.3d at 274. "The only occasion in which this Court will consider awarding attorney fees pursuant to section 32-704(3) in the first instance is the rare occurrence when a party seeks to invoke this Court's original jurisdiction by asking for a writ in aid of our appellate jurisdiction." *Id.* (citations omitted). Because that is not what has occurred here, we decline to consider awarding fees under section 32-704(3) in the first instance. Marlar may renew her request on remand if she so desires.

## V.    CONCLUSION

For the reasons discussed herein, we reverse the district court's decision and remand this matter to the district court with instructions to reinstate the magistrate court's judgment crediting the SSDI payments against Gearhart's child support arrearage. Neither party is entitled to attorney fees on appeal. Gearhart is awarded his costs on appeal pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.

9